**Hilario MOLINAR, Plaintiff-Appellee,**

**v.**

**UNITED STATES of America,
Defendant-Appellant.**

**No. 74–1466.**

United States Court of Appeals,
Fifth Circuit.

June 30, 1975.

Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., William S. Sessions, U. S. Atty., San Antonio, Tex., William Kanter, Karen K. Siegel, Morton Hollander, Attys., Dept. of Justice, Washington, D. C., for defendant-appellant.

Alice Dwyer, Gus Rallis, El Paso, Tex., for plaintiff-appellee.

Before GOLDBERG and RONEY, Circuit Judges, and LYNNE, District Judge.

LYNNE, District Judge:

This is an appeal from a judgment of $20,000.00 awarded the appellee by the United States District Court for the Western District of Texas. We affirm.

On March 2, 1970, appellee's automobile collided in El Paso, Texas, with an automobile owned by the United States and operated by Carl T. Hansen, a Federal Aviation Administration employee, within the scope of his employment. As a result of the accident, appellee suffered injury to his left knee and property damage to his vehicle.

On October 19, 1971, appellee's attorney wrote Mr. Joe E. Paniagua, Motor Fleet Manager of the General Services Administration in El Paso, Texas, "making a demand for property damage and personal injury," and enclosing medical bills [1] and car repair estimates. The relevant bills attached to the letter amounted to $1462.50, but there was no specific amount of dollars claimed in the text of the letter itself.[2]

Receipt of the letter was acknowledged by Mr. Paniagua on October 20, 1971, and then it was forwarded, along with the supporting documents, to GSA regional counsel in Ft. Worth, Texas, on the same date. GSA regional counsel in turn forwarded it to the Federal Aviation Administration Aeronautical Center

1. Also included, by error, were bills for unrelated surgery for appellee's wife, who was not involved in the accident.
2. The letter provided as follows:

> October 19, 1971
>
> Mr. Joe E. Paniagua
> 614 Myrtle Street
> El Paso, Texas
> Dear Mr. Paniagua:
> On March 2, 1970, my client, Hilario Molinar, 7729 Veracruz, El Paso, Texas, was negligently struck by a motor vehicle belonging to the GSA Motor Pool. My client sustained a total car loss and incurred considerable medical bills.
> We are herewith making a demand for property damage and personal injury. Would you please turn this claim over to the appropriate agency or claims office so that v may negotiate with them.
> Thank you very much.
>
> Yours very truly,
> /s/
> Gus Rallis
> GR:mjo
> Encls. Estimates & Medical Bills.

in Oklahoma City, Oklahoma, on February 3, 1972. Regional counsel, on the same day, acknowledged receipt of plaintiff's letter. On February 9, 1972, the Federal Aviation Administration, through one of its Operations Branch Chiefs, acknowledged receipt of appellee's letter and forwarded four copies of Standard Form 95, "Claim for Damage or Injury," to his counsel, with a request that they be completed and returned.

The executed "Claim for Damage or Injury," dated May 4, 1972, was received by the FAA on June 28, 1972. By letter of July 20, 1972, appellee's claim was denied, on the ground that the claim was filed more than two years after the accident occurred and was therefore barred by the two-year statute of limitations on tort claims against the United States.

On November 16, 1972, appellee initiated this suit against the United States pursuant to 28 U.S.C. § 1346(b). The Government moved to dismiss, contending that the cause of action was barred by the two-year limitation for presenting claims in tort as provided by 28 U.S.C. §§ 2401(b), 2675(a), and by 28 C.F.R. 14.-2. The district court rejected the statute of limitations defense and, after a trial on the merits, held that the Government driver was negligent in the operation of his vehicle. Damages of $20,000.00 were awarded. This appeal followed.

The single question for us on appeal is whether plaintiff's claim was barred by the statute of limitations under the Tort Claims Act.

28 U.S.C. § 2401(b) (1970), as amended in 1966, embodies the statute of limitations applicable to this case:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2675(a) (1970) requires a claimant to exhaust his administrative remedies before a federal court has jurisdiction to hear his claim:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. * * *

28 U.S.C. § 2672 (1970) provides for the administrative adjustment of claims. Those settlements in the amount of $25,000.00 or less may be settled within the affected agency; any settlement in excess of $25,000.00 must be approved by the Attorney General or his designee. To effectuate this administrative provision, 28 C.F.R. 14.2(a) (1972) provides:

For purposes of the provisions of Section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. If a claim is presented to the wrong Federal agency, that agency shall transfer it forthwith to the appropriate agency.

Certain preliminary observations about the interaction of these provisions are necessary. The "sum certain" requirement of 28 C.F.R. 14.2(a) applies not only to 28 U.S.C. § 2672, but also to 28 U.S.C. §§ 2401 and 2675. Otherwise 28 U.S.C. § 2675(b), which provides that "[a]ction under this section

shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence . ., relating to the amount of the claim," would have no meaning. It is plain that the "claim" required must be something more than mere notice of a potential lawsuit. Avril v. United States, 461 F.2d 1090 (9th Cir. 1972). Moreover, the filing of a "sum certain" facilitates administrative disposition of the claim, since it both allows the agency better to evaluate whether the settlement will require the approval of the Attorney General under 28 U.S.C. § 2672, *supra*, and provides the agency with the information necessary to act upon it within six months under 28 U.S.C. § 2675(a). Any other construction of the word "claim" in the Tort Claims Act would encourage those with potential claims against the government to withhold pertinent information from the appropriate agency in the hope that a later court suit would enhance the value of their claim. We therefore hold that "claim" as used in the act means "claim for a sum certain" and that 28 C.F.R. 14.2 embodies a valid interpretation of the word "claim." Caton v. United States, 495 F.2d 635 (9th Cir. 1974).

■ Adherence to the statutory procedure for making a claim against the sovereign is a jurisdictional prerequisite to the benefit of the sovereign's waiver of its immunity. Of course, in measuring given facts against the statutory procedure, we are guided by Congress' intent, expressed in the Tort Claims Act, to allow "suits against the Government for negligence." Dalehite v. United States, 346 U.S. 15, 31, 73 S.Ct. 956, 965, 97 L.Ed. 1427, reh. den., 346 U.S. 841, 74 S.Ct. 13, 98 L.Ed. 362, reh. den., 346 U.S. 880, 74 S.Ct. 117, 98 L.Ed. 386 (1953), reh. den., 347 U.S. 924, 74 S.Ct. 511, 98 L.Ed. 1078 (1954).

■ We are persuaded that plaintiff here has complied with the procedure for filing a claim. The letter of October 19, 1971, included bills which totaled $1462.50. This was a "sum certain." The testimony at trial by the reviewing officer that "the figures here simply [gave] me no basis on which . . . to take any action" cannot overcome the presentation made by the bills themselves.

Rather than compute the sum of those bills, the officer authorized the forwarding of a copy of Form 95, with less than 30 days remaining in the statutory two-year period. That form nowhere mentions the two-year period, nor does it specify that the claimant must claim a "sum certain" within two years. Yet this form is the standard vehicle by which the government reviews claims, both those made by the general public and those made by attorneys on behalf of their clients. *See, e. g.,* 39 C.F.R. 912.5 (1974).

In view of these deficiencies in Form 95, we are inclined to view the original claim as one for a "sum certain" because of the bills attached to it. The government's denial of July 20, 1972, ended appellee's administrative remedies, so that the jurisdictional requirement of 28 U.S.C. § 2675(a) was met.

■ The provisions of 28 U.S.C. § 2675(b), *supra*, are applicable to support the increased claims reflected in plaintiff's claim of May 4, 1972, in his original complaint in this action, and in his amended complaint. Our review of the evidence convinces us that the award of $20,000.00, which is some $18,500.00 above the original claim, is supported by reason of the three knee operations, and the ensuing treatment, performed on appellee beginning September 21, 1971. These were "intervening facts," which plaintiff alleged and proved within the meaning of 28 U.S.C. § 2675(b).

The cases on which appellant relies are distinguishable in significant particulars. In Melo v. United States, 505 F.2d 1026 (8th Cir. 1974), there was no claim for any amount made to the appropriate ad-

ministrative agency. In Caton v. United States, *supra*, 495 F.2d 635 (9th Cir. 1974), the Form 95 was submitted to the appropriate agency within the statutory period, but the blank for "Amount of Claim" was marked "Unknown at this time." In Avril v. United States, *supra*, 461 F.2d 1090 (9th Cir. 1972), the claimant again timely submitted a Form 95, but he likewise left the "Amount of Claim" space blank, despite repeated advice from the agency of this specific defect in his claim. In Ianni v. United States, 457 F.2d 804 (6th Cir. 1972) (*per curiam*), the claimant's attorney merely notified the relevant agency that he had been retained and was asserting a lien against any settlement. There was no claim either for damages or even an assertion of liability.

Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971), is likewise distinguishable. There the claimant's attorney filed a Form 95 within the two-year period, but the "Amount of Claim" heading was filled in with numbers marked as "Estimates." Auto repair estimates and a bill for x-rays were appended. The form was unsigned. The postal authorities noted these irregularities, called them to the claimant's attention, and asked him to claim "specific amounts" on new forms which were sent to him. The claimant took no action on this suggestion. Instead, nearly two years later, he filed suit. The Ninth Circuit correctly dismissed that action since the unsigned and confusing submission made by the claimant, coupled with his failure to supplement the claim pursuant to specific suggestions from the relevant agency,

constituted a clear failure to exhaust his administrative remedies. Since no similar factors exist in the instant case, we do not find *Bialowas* dispositive.

Jordan v. United States, 333 F.Supp. 987 (E.D.Pa.1971), aff'd without opinion, 474 F.2d 1340 (3d Cir. 1973), was not cited to us by counsel, but was relied upon by the Ninth Circuit in *Caton, supra*. The case is quite similar to the case under consideration, but, like others noted above, the claimant there failed to specify any amount in either his initial letter or in his Form 95. Thus, that case is not persuasive on the facts presented here.

Our own case of Johnson v. United States, 404 F.2d 22 (5th Cir. 1968) (*per curiam*), similarly is not controlling. The regulations then in effect required that Form 95 be used. Claimants' letter there gave no indication of an amount and was obviously not made on Form 95. Their complaint, filed three and one-half years after the alleged accident, was thus clearly barred by both the statute of limitations and their failure to exhaust administrative remedies. On the other hand, claimant here filed a "claim" within the statutory period and received a denial of that claim by the appropriate agency.

In summary, then, we hold only that on the facts presented here, appellee's initial letter and attachments constituted a "claim" sufficient to toll the statute of limitations in 28 U.S.C. § 2401(b), so that the district court below properly overruled appellant's motion to dismiss.

The judgment of the court below is therefore affirmed.