Robert N. COLLEGE, personal
representative of the Estate
of Ruth College, Deceased

v.

UNITED STATES of America.

Civ. No. B–75–1409.

United States District Court,
D. Maryland.

April 12, 1976.

Alexander Breuer, Marlow Heights, Md., for plaintiff.

Daniel M. Clements, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

On March 31, 1972, while patronizing the Bolling Air Force Base Non-Commissioned Officer's Club (the Club), Mrs. Ruth College sat on a bar stool which collapsed under her weight. The resulting fall caused an injury to her hip. She was taken to the Malcolm Grow United States Air Force Medical Center, Andrews Air Force Base (the Medical Center), where her injury was diagnosed and surgery performed. Subsequent to her release a second operation was performed at the Medical Center on July 6, 1973. Mrs. College presented a claim for damages to the Department of the Air Force, alleging negligence on the part of the Club and its employees. This claim was denied by the Air Force on May 21, 1975, and suit against the United States was brought in this court. Ruth College subsequently died and her estate has been substituted as plaintiff. Defendant has moved that the case be dismissed for lack of subject matter jurisdiction, F.R. Civ.P. 12(b)(1). Defendant contends that the plaintiff's claim was not presented to the Air Force within the time period required by 28 U.S.C. § 2401(b) (1976).

■■■ Absent consent, sovereign immunity bars a suit for damages against the United States. The conditions of the consent define the contours of the court's jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058, 1061 (1941). In actions brought under the Federal Tort Claims Act, disposition by a federal agency involved is a prerequisite to a court suit:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a) (1976). A claim pursuant to the act must be made within the statute of limitations:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. As amended July 18, 1966, Pub.L. 89–506, § 7, 80 Stat. 307.

28 U.S.C. § 2401(b). As a condition of suit against the United States, this statute of limitations is jurisdictional. *Binn v. United States*, 389 F.Supp. 988, 991 (E.D.Wis.1975). Hence the plaintiff must have presented her "claim" in writing to the Air Force by March 31, 1974 to obtain the jurisdiction of this court. *Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975); *Caton v. United States*, 495 F.2d 635, 637 (9th Cir. 1974); *Bialowas v. United States*, 443 F.2d 1047, 1048–49 (3d Cir. 1971).

█ Plaintiff initially contacted counsel on March 6, 1974, twenty-five days before the statutory time limit expired. Counsel on March 8, 1974 mailed two letters to the Air Force. One was to the Medical Center requesting information on hospital costs and Mrs. College's medical reports. The other was to the Club, informing it that counsel had been retained regarding Mrs. College's injury.[1] Both letters were forwarded to Claims Officer Frank H. Massey, who replied on March 25, 1974 with a letter furnishing claim forms 95 and requesting additional facts concerning details of the incident and the amount to be claimed. Though subsequent letters were exchanged, the two letters of March 8 are the only written communications by the plaintiff before the March 31, 1974 running of the statute of limitations. Any subsequent action by the Air Force does not constitute a waiver of the jurisdictional statute of limitations. *Bialowas v. United States, supra*, 443 F.2d at 1049; *Binn v. United States*, 389 F.Supp. at 991. Nor does Mrs. College's hospital treatment toll the statute of limitations.[2] Therefore the disposition of the motion to dismiss depends upon whether the letters of March 8, 1974 constitute a "claim" within the meaning of 28 U.S.C. § 2401(b).

█ A claim "is something more than mere notice of an accident and an injury." *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972); *Molinar v. United States, supra*, 515 F.2d at 249. It must have the content specified by 28 C.F.R. § 14.2(a) (1975):

(a) For purposes of the provisions of section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a *sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. If a claim is presented to the wrong Federal agency, that agency shall transfer it forth-

---

**1.** The letter to the Club reads:

Dear Sir:

Please be advised that I have been retained by Mrs. Ruth College, 4677 Dallas Place, Apt. T–1, Marlow Heights, Maryland, 20031, in connection with injuries she sustained at the Bolling N C O Club at about 10:00 P.M., May 31, 1972. Mrs. College takes the position that this injury was caused through the negligence of the Bolling N C O Club.

As a result of this injury Mrs. College was admitted for surgery at the Andrews Air Force Base Hospital on April 1, 1972 and subsequently for additional surgery on July 6, 1973. The injuries appear to be of a permanent nature.

I will seek medical reports from the Andrews Air Force Base Hospital and as soon as you notify me who will handle the claim for the N C O Club, I will forward copies of these reports to that party.

Please contact me at your earliest convenience.

Very truly yours,

**2.** Plaintiff contends that the doctrine of continuous treatment tolled the statute of limitations as long as the claimant was under treatment for illness arising from the alleged negligent conduct. This doctrine is only applied to medical malpractice cases when discovery of the wrongful act may be impossible while undergoing treatment by the tortfeasor. *See Brown v. United States*, 353 F.2d 578 (9th Cir. 1965); *Accardi v. United States*, 356 F.Supp. 218 (S.D.N.Y.1973). This rule is not applicable in the present case as the plaintiff's tort claim was easily discoverable and was not being concealed by the defendant.

with to the appropriate agency. (emphasis added).

A similar regulation with identical content specifically applies to claims made against the Air Force. 32 C.F.R. § 842.-106(a)(1) (1975).

■ This administrative interpretation of the word "claim" applies not only to 28 U.S.C. § 2672, but also to 28 U.S.C. §§ 2675 and 2401(b). *Molinar v. United States, supra,* 515 F.2d at 248. The purpose of this regulation is to facilitate the administrative settlement of tort claims against federal agencies. It enables the agency to determine if a settlement would be less than $2,500 and therefore be paid out of that agency's appropriations as required by 28 U.S.C. § 2672 (1976). The same statute requires the Attorney General's prior approval of any administrative settlement of a claim against an agency that exceeds $25,000. Thus the claim must contain a sum certain to enable the agency to determine if approval by the Attorney General will be necessary to effect a settlement. *See Molinar v. United States, supra,* 515 F.2d at 249; *Caton v. United States, supra,* 495 F.2d at 637; *Bialowas v. United States, supra,* 443 F.2d at 1050. Identification of the amount of the claim involved may be needed in connection with any insurance coverage that might exist for the agency involved. *Caton v. United States, supra,* 495 F.2d at 638. The inclusion of a sum certain with the initial claim is also necessary to enable the agency to make a final disposition of the claim within six months. If the agency does not make a final disposition within that time the claim can be considered denied and a claimant could institute suit in the federal courts. 28 U.S.C. § 2675(a) (1976). To allow a claim to be presented without a sum certain would encourage claimants to withhold vital information and hinder settlement of a claim in hopes of obtaining a better disposition in court. *Molinar v. United States, supra,* 515 F.2d at 249. Most importantly, the requirement of the inclusion of a sum certain in a claim gives meaning to 28 U.S.C. § 2675(b) which

provides that "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence . . . relating to the amount of the claim." *Molinar v. United States, supra,* 515 F.2d at 248–49; *Ianni v. United States,* 457 F.2d 804, 805 n.1 (6th Cir. 1972). Therefore 28 C.F.R. § 14.2(a) is a reasonable interpretation of the content of a "claim," and is a valid regulation under the power granted the Attorney General in 28 U.S.C. § 2672. Timely compliance is a prerequisite to a lawsuit. *Molinar v. United States, supra,* 515 F.2d at 249; *Caton v. United States, supra,* 495 F.2d at 638; *Bialowas v. United States, supra,* 443 F.2d at 1049–50.

■ Neither of the letters sent by the plaintiff on March 8, 1974 contained a claim for a sum certain. The letters did not contain an approximation of the claim, *see Walley v. United States,* 366 F.Supp. 268, 269 (E.D.Pa.1973), nor was there attached to the letter any information which could be used to estimate the claim, *see Molinar v. United States, supra,* 515 F.2d at 249. Their content could not have facilitated the administrative treatment of the plaintiff's claim, and it is doubtful if this letter alone could have initiated any action upon the part of the Air Force other than the inquiry for more information sent by Claims Officer Massey. It was not until November 14, 1974, more than six months after the initial letters that a dollar amount of damages was presented to the agency to enable it to assess its position. This court cannot interpret the applicable statutes as plaintiff wishes so as to allow the letters of March 8, 1974 to constitute a claim. To do so would allow plaintiff to have instituted a suit in this court before November 14, 1974, frustrating the chance of an administrative settlement. (*See* discussion of 28 U.S.C. § 2675(a) *supra*).

■ Plaintiff states that because the medical records were at the Medical Center the defendant had "the sole and ex-

clusive knowledge of the monetary aspects of the claim," and that the Air Force did not release them until after the jurisdictional statute of limitations had run. It is argued that it would be unreasonable to require a claimant to state a claim in a sum certain when the basis for such information is being withheld by the agency against whom it is asserted. While this contention may have some merit in another situation, it does not apply to the present case. Only $5,278.00 of the total claim of $172,492.52 involves plaintiff's stay in the Medical Center. Of the remaining damages asked, all but a fraction concerns lost wages and compensation for pain and suffering. All of the facts necessary to assess and compute these amounts were within knowledge of the plaintiff. These amounts could have been computed and presented to the Air Force before the March 31, 1974 deadline. The amount of the hospital charges would be "newly discovered evidence" that could be subsequently added to the original complaint under 28 U.S.C. § 2675(b). *See Molinar v. United States, supra,* 515 F.2d at 249. Hence the defendant was not withholding information vital to the plaintiff's presentation of his claim.

This court is sympathetic to the plight of plaintiff's counsel who had only twenty-five days after he was first contacted by the plaintiff to investigate the matter and file a proper claim. If this time period was too short, the cause may have been the client's delay in contacting him.

Plaintiff has not complied with the statutory requirement of presenting a claim for a sum certain to the appropriate agency within two years of the date the cause of action arose. This court does not have jurisdiction to entertain plaintiff's suit. Accordingly, it is this 12th day of April 1976, by the United States District Court for the District of Maryland, ORDERED:

That the defendant's motion to dismiss be, and is hereby, GRANTED.