Larry N. SHELTON, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 77–1502.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 28, 1979.

Decided Feb. 20, 1980.

Theodore M. Rosenberg, Rosenberg & Vigiletti, Grand Blanc, Mich., for plaintiff-appellant.

James K. Robinson, U. S. Atty., Detroit, Mich., Harold A. Johnson, Jr., Flint, Mich., for defendant-appellee.

Before MERRITT and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

This case requires us to rule on the sufficiency of plaintiff-appellant Shelton's claim under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 1402(b), 1504, 2110, 2401, 2402, 2411, 2412, 2671–80. The district court declared Shelton's claim untimely and granted appellee United States' motion to dismiss. Shelton appeals.

A tort claim against the United States must be submitted to the appropriate federal agency within two years of the alleged injury. 28 U.S.C. § 2401. 39 C.F.R. § 912.5 [1] sets out the procedure for filing such a claim. The portion of that regulation relevant to this dispute is the requirement that notice of injury be accompanied by a "claim for money damages in a sum certain." The sole issue before us is whether the information received by the government in this case made out a claim on Shelton's behalf for the requisite "money damages in a sum certain." We conclude that it did not and affirm the judgment of the district court.

This action stems from a traffic accident which occurred October 7, 1973. While riding his motorcycle, Shelton was struck by a United States Post Office vehicle; he sustained personal injuries and property damage. By letter of November 12, 1973, Shelton's attorney notified the local Postmaster of his client's injury. He did not, however, indicate any sum sought as damages. On November 19, 1973, the Postal Service sent appellant Standard Form 95, designed for use in filing a claim against a federal agency. Appellant did not execute and return that form until April 1, 1976, more than two years after his accident. At no time during the statutory two-year period did Shelton or his attorney offer the Post Office information about the amount of the claim.

Meanwhile, on October 1, 1974—well within the limitations period—appellant's insurer Aetna sent the Postal Service a completed Form 95 and a subrogation form. In Form 95 Aetna asked for reimbursement of the $6,655.98 it had already paid Shelton under his policy for lost wages. Aetna's claim was limited to a request for reimbursement; the insurer made no reference to the amount of damages Shelton intended to seek in his own action.

Appellant argues that we should treat his attorney's letter of November 12, 1973 and Aetna's properly submitted Form 95 as a single claim which satisfies the "sum certain" requirement of 39 C.F.R. § 912.5. In effect, we are asked to impute Aetna's compliance with the regulation to Shelton personally.

In support of his position, appellant cites *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975), and *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974). That reliance is misplaced; in our opinion, neither case suggests the outcome Shelton seeks here.

*Molinar* stands only for the proposition that Form 95 is not the exclusive means of giving notice of a claim for a "sum certain." In that case, the plaintiff attached medical bills and repair estimates to his letter notifying the federal agency of his claim. The Fifth Circuit found those supporting documents sufficient to satisfy the "sum cer-

---

1. That section, entitled "Definition of claim," provides:

     For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. Standard Form 95 may be obtained from postmaster, postal inspectors, or other local Postal Service establishments.

tain" requirement of the regulation. Nowhere does *Molinar* intimate that claimants can ignore the "sum certain" rule altogether. On the contrary, the Fifth Circuit cited with approval several decisions which dismissed federal tort claims for failure to specify damages. *Melo v. United States*, 505 F.2d 1026 (8th Cir. 1974); *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974); and *Ianni v. United States*, 457 F.2d 804 (6th Cir. 1972).

The procedural relationship between an injured party's claim and his insurance carrier's request for reimbursement did not enter into the *Molinar* case at all. For an analysis of that issue, we turn to Judge Phillips' opinion in *Executive Jet, supra*

In *Executive Jet*, plaintiff incurred substantial losses when its aircraft crashed. To cover those losses, the aircraft's insurer advanced plaintiff a large sum of money to be repaid out of any future recovery against the Federal Aviation Administration. Plaintiff, alleging negligence by the FAA, perfected a claim under the Act within two years of the crash. The insurance carrier, however, neither expressly joined in plaintiff's action nor filed a claim of its own within the limitations period. Defendant United States argued that the insurer was the real party in interest and urged dismissal because of the insurer's failure to observe the statute of limitations. We held that plaintiff's proper filing under the Act tolled the statute of limitations. Our ruling permitted the plaintiff to join its insurer as a party and continue prosecution of the claim. We explicitly limited our decision to the facts of that case, however, and refused to predict the result in future "cases in which the subrogor has not filed a timely and complete administrative claim." *Executive Jet, supra* at 517.

Such a case is before us now. Here it is the injured claimant, not his insurance company, who failed to observe the claims procedure. We find the distinction to be one of substance as well as form and decline to extend our ruling in *Executive Jet* to the present situation.

An injured party's compliance with the administrative claims requirements, including, specifically, the "sum certain" clause of 39 C.F.R. § 912.5, furthers statutory purposes which did not enter into the *Executive Jet* decision. The "sum certain" provision is a rational adjunct to the statutory scheme for settling federal tort claims. *Molinar, supra* at 248–249. 28 U.S.C. § 2672 prescribes the administrative settlement procedure. That section provides in relevant part that (a) settlements in excess of $25,000 must have the written approval of the Attorney General, and (b) awards of less than $2,500 will be paid directly out of the appropriations available to the agency involved. Thus, the "sum certain" requirement furnishes federal agencies with information for several purposes. From the amount of damages sought, the agency can often determine (a) whether or not settlement negotiations will require the services of the Attorney General's Office and (b) the probable source of funds for payment of an award.

Furthermore, 28 U.S.C. § 2675 gives an agency only six months to take final action on a claim. At the end of that time, the injured party has recourse to suit in federal court. Since the six-month period begins to run on the date a claim is filed, the "sum certain" provision assures an agency of the basic information necessary to initiate prompt settlement proceedings.

In *Executive Jet*, the claimant's timely allegation of damages fulfilled the foregoing purposes of the "sum certain" rule. On the other hand, an insurer's request for reimbursement alone may not adequately perform those notice-giving functions. The claims of an injured party and his insurance carrier are not always coextensive. An insurer's claim will never exceed that of the injured party; the injured party, however, often seeks recovery for damages not encompassed in the insurer's claim. This distinction is inherent in 39 C.F.R. § 912.6(D)[2]

2. That section provides:
A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly;

which permits subrogees to present wholly compensated claims, but requires both insurers and injured parties to participate, either jointly or individually, in filing partially compensated claims. The record in this case discloses that Shelton's and Aetna's claims were not, in fact, identical. Indeed, in an accident case a plaintiff could be expected to seek damages for pain and suffering, medical bills, and injury to property as well as compensation for loss of wages. Here plaintiff sought these damages while Aetna only claimed for reimbursement for monies for loss of wages.

In *Executive Jet*, we noted the statutory policy of promoting expeditious settlement of tort claims. That policy is best served by ensuring a federal agency timely notice of the probable scope of a claim against it. It is the injured party's claim, not the insurer's subrogated interest, which determines the outer limit of an agency's possible liability. To require an agency to begin settlement negotiations on the basis of information limited to the insured's loss with no indication of the extent of the uninsured's damages would be inconsistent with the statutory goal of prompt, efficient agency action. We agree with the district court that the policies underlying the Act would be frustrated if we adopted appellant's view of this matter.

We emphasize that this holding in no way effects the filing alternatives set out in 39 C.F.R. § 912.6(D). Our decision merely reinforces the rule that the injured party must participate in the filing of a partially compensated claim to the extent of complying with the "sum certain" provision of 39 C.F.R. § 912.5.

The judgment of the district court is affirmed.