Maria **MONTOYA**, Individually and as next friend of Mary Ann Montoya, et al., Plaintiff–Appellant,

v.

**UNITED STATES of America, Manuel Flores, Individually and as an Employee of the Immigration and Naturalization Service, Defendant–Appellee.**

No. 87–2502

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 8, 1988.

---

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

The district court dismissed without prejudice the Federal Tort Claims Act complaint of Maria Montoya, individually and on behalf of the minors Mary Ann Montoya, Manuel Montoya, Jr., and Catalina Benavides, for failure to pursue administrative remedies. We affirm.

*Background*

This litigation grows out of a motor vehicle accident in Cameron County, Texas, on July 27, 1984. The accident involved a car driven by Maria Montoya, occupied by her three minor children, and a government vehicle driven by Manuel Flores, an employee of the Immigration and Naturalization Service.

Maria Montoya promptly filed an administrative claim on Standard Form 95 (SF95). She sought recovery of damages for herself totaling $2,377.39, apportioned $1,596.42 for property damages and $780.97 for personal injuries. The claim was submitted on August 2, 1984 and was approved by the agency that very month. On August 30, 1984 the INS sent Ms. Montoya a voucher for $2,377.39. Ms. Montoya neither negotiated nor returned that voucher.

On October 10, 1984 counsel for Ms. Montoya wrote the INS, advising that she had been retained to represent Ms. Montoya and the minor children. Counsel's letter, as it relates to the claims being made on behalf of the four clients, informed the agency as follows:

Maria E. Montoya suffered injuries to her back, whiplash of the neck and multiple facial injuries. She also suffered property damages in excess of $1,500.00. Manuel Flores, Jr., suffered injuries to his knees, whiplash, and injuries to his head. Mary Ann Montoya suffered whiplash to the neck, a fractured rib and numerous head injuries. Catalina Benavides, also a passenger in the car, incurred injuries to her shoulder, back, whiplash, head and left arm. The inju-

Thelma O. Garcia, Harlingen, Tex., for plaintiff-appellant.

Jeanette Mercado, James R. Gough, Frank A. Conforti, Asst. U.S. Attys., Houston, Tex., for defendant-appellee.

ries described above will be known in better detail once medical examinations have been completed.

We, therefore, will request a settlement for said damages upon such final determination.

On November 9, 1984 the INS responded to counsel's letter, forwarding copies of SF95 for each of the claimants, with a request that the forms be executed and returned. The agency asked for supporting documentation for the personal injuries asserted by each claimant. The agency further advised that if Ms. Montoya wished to file another claim for herself, she should return the voucher sent to her on August 30, 1984, and that upon receipt of the unnegotiated voucher a second claim for her damages would be considered.

A great silence then ensued; a year passed. There was no response from Ms. Montoya or her attorney. The INS again wrote counsel on November 20, 1985 noting that it had received nothing in the intervening year and warning that if it did not receive a reply within 30 days it would close the file.

Unexplainedly the silence continued. Neither Ms. Montoya nor her counsel responsively communicated with the INS. We can glean no possible reason for this inaction from this record. Counsel finally broke the inexplicable silence on July 28, 1986 by filing the instant suit against Flores and the INS, invoking the FTCA, 28 U.S.C. §§ 2671–80. The court dismissed the claims against Flores individually as outside the jurisdiction of the FTCA. The court then dismissed the claims of all plaintiffs for failure to seek administrative relief. When the court declined to reconsider the latter rulings, Montoya appealed.

### Analysis

■ The federal government is immune from tort liability for the actions of its agents and employees. By adopting the FTCA, Congress waived governmental immunity but it did so only under specifically prescribed conditions. Before one may file suit under the Act, one must present notice of the claim to the implicated agency in order that there might be a meaningful opportunity to resolve the matter without the necessity of judicial intervention. In *Adams v. United States*, 615 F.2d 284, 288 (5th Cir.), *clarified*, 622 F.2d 197 (5th Cir. 1980), we quoted from the legislative history of the Act in observing that

in enacting the notice requirement, Congress sought 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States ... [and] providing for more fair and equitable treatment of private individuals and claimants when they deal with the Government....'

Under the Act, an action is barred unless the appropriate agency receives notice within two years after the action accrues. 28 U.S.C. § 2401(b). When the agency denies the claim, or fails to act on the claim for six months, suit may be filed in federal court. *Id.*

Pursuant to the congressional authorization contained in 28 U.S.C. § 2672, the Attorney General has promulgated regulations designed to facilitate the administrative negotiations and settlement process. 28 C.F.R. §§ 14.1–14.11. Section 14.2(a) lists the elements constituting notice—a written notification of the injury-causing incident, a monetary claim in a sum-certain for property damage and personal injury, and authorization by the claimant.

■ Ms. Montoya maintains that her attorney's letter of October 10, 1984 satisfies the requirements of § 14.2(a) and of 28 U.S.C. § 2675(a). The government disputes this contention, noting that counsel's letter did not contain a specification of the injuries and did not include a specific sum for the several injuries. The government would prefer that the claims be made on the carefully crafted SF95 application. Ms. Montoya correctly notes that this circuit's precedents are more expansive, permitting notice in the form of a letter, or a letter with attachments. For example, *see Williams v. United States*, 693 F.2d 555 (5th Cir.1982); *Crow v. United States*, 631 F.2d 28 (5th Cir.1980); *Adams v. United States; Molinar v. United States*, 515 F.2d 246 (5th Cir.1975). These cases teach that

valid notice requires a writing that informs the agency of the facts of the incident and the amount of the claim.

█ Viewing counsel's letter of October 10, 1984 against the backdrop of this circuit's precedents, it is apparent that Montoya did not give valid notice. Ms. Montoya fails to suggest a dollar sum for any of the three minor passengers; to the contrary, the letter promised more detail once medical examinations were accomplished at which time "a settlement for said damages would be requested." Ms. Montoya does suggest an amount for part of her damages; the letter speaks of property damages "in excess of $1,500.00," but she fails to quantify her personal injury claim. Counsel's letter neither suffices as a claim under 28 U.S.C. § 2675(a), nor as the notice envisioned by the regulations. The trial court correctly dismissed the action as premature.

The district court ruled that Ms. Montoya was free to return to the agency and file a proper claim and that in due course, once statutory requirements were met, she could return to federal court. There is no appeal of that ruling and it accordingly becomes the law of the case.

The judgment of the district court is AFFIRMED.