**TICOR TITLE INSURANCE COMPANY OF CALIFORNIA, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, et al., Defendants.**

Civ. A. No. H–89–2718.

United States District Court, S.D. Texas, Houston Division.

Oct. 26, 1990.

U.S.C. § 455 into a docket-clearing device that unfairly requires other district courts to shoul-       der its burdens.

David K. Anderson, Houston, Tex., for plaintiff.

Kim Dennis, Houston, Tex., for FDIC.

Barry G. Flynn, Barry G. Flynn & Associates, Houston, Tex., for James Albert.

Lionel M. Schooler, Morris, Tinsley & Snowden, Houston, Tex., for W.T. Blankenship, et al.

## MEMORANDUM OPINION

DeANDA, Chief Judge.

Ticor Title Insurance Company of California ("Ticor") originally filed this action naming the Federal Deposit Insurance Corporation ("FDIC") as the sole defendant. Leave was granted to file an amended complaint which added as defendants a number of individuals who served as officers and/or directors of Northwest Bank & Trust ("Northwest") at the time an assignment agreement was executed between plaintiff and the bank. Plaintiff asserts five claims against the defendants: (1) breach of the assignment contract; (2) breach of fiduciary duty and of the duty of good faith and fair dealing; (3) breach of warranty; (4) common law fraud; and (5) negligent misrepresentation. The FDIC has moved to dismiss the complaint, and most of the individual defendants have moved to dismiss or for summary judgment. The parties have submitted briefs, and the motions are ripe for decision.

## FACTUAL ALLEGATIONS AND THE ASSIGNMENT

The central issue in this case involves an assignment of life insurance proceeds and an assignment of interest in claims relating to a promissory note. A life insurance policy was issued by Sun Life Assurance Company of Canada ("Sun Life") on the life of J.R. McConnell, a Chapter 7 Bankruptcy debtor. Sun Life interpled the proceeds of the policy, approximately $1,000,000.00, into the registry of the Bankruptcy Court. The FDIC, in its corporate capacity as liquidator of certain assets of Northwest, asserted a claim to the policy proceeds pursuant to an Assignment of Life Insurance Policy As Collateral executed by McConnell in favor of the bank. A promissory note, referred to as the "$550,000 Note", had previously been executed by McConnell to the bank and was the subject of a settlement agreement and assignment between Northwest and Ticor. The assignment provides for distribution to Ticor of funds received by Northwest in two situations. In the first situation, Ticor receives a portion of a distribution where the "distribution of payment, property or other satisfaction is a clearly identifiable and made directly or solely in connection with the $550,000 Note and from any collateral or proceeds pledged to secure the repayment of the $550,000 Note ..." In the second situation, Ticor receives a portion of a distribution where the distribution on the Proof of Claim "is made in connection with a general distribution to all the unsecured creditors of the J.R. McConnell Estate and is

not specifically identifiable to collateral for the $550,000 Note." Plaintiff alleges that at the time the settlement agreement and the assignment were executed it was informed, and the settlement agreement so warrants, that there were "no funds or other assets currently on deposit with or pledged to Northwest bank or any related entity ... that could now or hereafter be offset against [the McConnell debt]." Plaintiff alleges that it was not informed of the existence of the insurance assignment and that, if it had been so informed, it would have insisted that the proceeds of the insurance policy be assigned to plaintiff.

### BREACH OF CONTRACT CLAIM

■ Plaintiff alleges that the FDIC breached the assignment regarding the note by failing and refusing to pay to Ticor the portions of the insurance proceeds as described in the assignment. The terms of the $550,000 Note assignment are clear and unambiguous. There are two and only two situations in which FDIC, as liquidator for Northwest, is required to make a distribution to plaintiff. Neither situation is present in this case. Although the FDIC initially claimed entitlement to the insurance proceeds under three notes, including the $550,000 Note, it was granted leave by the Bankruptcy Court to amend its claim specifically to delete any claim under the $550,000 Note. The FDIC advised Ticor that it intended to dismiss its claim based on the $550,000 Note and encouraged Ticor to intervene in the Interpleader Adversary Proceeding to protect any interest it might claim to the insurance proceeds. Four days before the Bankruptcy Court entered judgment Ticor moved to intervene, but leave was not granted. The judgment of the Bankruptcy Court granted the FDIC's claim to the insurance proceeds based solely on the two remaining notes and not based on the $550,000 Note.

It is equally clear that the FDIC has received no distribution in connection with a "general distribution to all the unsecured creditors." The distribution to the FDIC was not part of a general distribution, but was instead a distribution in connection with its claims under two unrelated notes.

Because the pleadings and the clear language of the assignment establish that the FDIC has not received distributions under circumstances covered by the assignment, the FDIC's refusal to pay any portion of the insurance proceeds to Ticor is not, as a matter of law, a breach of the assignment contract. FDIC's motion to dismiss the breach of contract claim must be granted.

### BREACH OF FIDUCIARY DUTY AND BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

■ Plaintiff's breach of duties claim involves the allegation that the FDIC had a responsibility to pursue and collect the $550,000 Note on its own behalf and for the benefit of Ticor. It is apparent from the clear and unambiguous language of the assignment that no such contractual duty exists. The first provision entitles Ticor to payment only to the extent distributions are made solely in connection with the $550,000 Note. There is no requirement that Northwest, or the FDIC, take any specific action to obtain such disbursements. A requirement or duty as described by plaintiff is also absent from the second provision, which clearly states that Ticor will receive its portion "*[i]n the event* Assignor receives a distribution of payment, in any form, on the Proof of Claim, which is made in connection with a general distribution to all the unsecured creditors ...*" (emphasis added). The only duty owed by Northwest, and by the FDIC, is to make disbursements to Ticor when it receives payment under either condition described in the assignment. *See Colorado State Bank of Walsh v. Federal Deposit Insurance Corp.*, 671 F.Supp. 706 (D.Colo. 1987).

Any separate, side agreements between Northwest and Ticor that a duty to pursue collection of the $550,000 Note would be imposed upon the bank would not be enforceable against the FDIC under *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

Because there is no duty, contractual or otherwise, which requires the FDIC to pursue collection of the $550,000 Note, plaintiff's claim for breach of that duty must be dismissed.

## TORT CLAIMS

█ Plaintiff asserts four tort claims, breach of the duties discussed above, breach of warranty, fraud, and negligent misrepresentation. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, provides a limited waiver of sovereign immunity for certain tort claims against the United States and its agencies.[1] Section 2675 provides unequivocally that no claim under the FTCA may be brought unless the claimant has first filed an administrative claim with the federal agency involved. This exhaustion requirement is jurisdictional and cannot be waived. *Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981).

█ Plaintiff argues that a letter sent by its counsel to counsel for the FDIC on March 31, 1989 is sufficient to meet the exhaustion requirement. This argument must fail, however, because the letter in question does not meet the "sum certain" requirement. *See Molinar v. United States,* 515 F.2d 246 (5th Cir.1975) (holding "sum certain" requirement of 28 C.F.R. 14.2(a) applies to 28 U.S.C. § 2675). The argument must also fail because the letter of March 31 does not contain any claims or allegations that the FDIC has breached any duties, has breached any warranties, has engaged in fraud, or has negligently misrepresented any matter. Because plaintiff has failed to comply with the jurisdictional requirements under the FTCA, the FDIC's motion to dismiss the tort claims must be granted.

## CLAIMS AGAINST INDIVIDUAL DEFENDANTS

Plaintiff's only asserted basis for subject matter jurisdiction over the claims against the individual defendants is ancillary jurisdiction. Having dismissed the claims against the federal defendant, the Court also dismisses the ancillary state law claims against the individual defendants. This dismissal is without prejudice to any rights plaintiff may have against these defendants in the state court system.

## CONCLUSION

Based upon the foregoing, the FDIC's motion to dismiss should be granted and the ancillary state claims against the individual defendants dismissed without prejudice. An appropriate final order consistent with this memorandum opinion shall be signed this day.

---

1. Plaintiff does not allege jurisdiction under the FTCA in its complaint. Instead, plaintiff asserts that jurisdiction is based on the "sue and be sued" clause of 12 U.S.C. § 1819. That section does not, however, expand the FTCA waiver of sovereign immunity which applies to tort claims for money damages. *Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981). *See also City National Bank v. United States,* 907 F.2d 536, 538 (5th Cir.1990).