### James A. MURPHY

### v.

### Barbara MAYFIELD, a Vista Volunteer, et al.

### Civ. A. No. 3:94–CV–0045–G.

United States District Court, N.D. Texas, Dallas Division.

July 25, 1994.

---

James A. Murphy, pro se.

Stafford Hutchinson, U.S. Atty's. Office, Dept. of Justice, Dallas, TX, for Barbara Mayfield, Volunteers in Service to America, Federal Domestic Volunteer Agency/Action, Vista Volunteer.

Lynn S. Castagna, Wright & Greenhill, Austin, TX, for Dallas Housing Authority.

### MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion (the "motion") of defendants Barbara Mayfield, Volunteers in Service to America ("VISTA"), and the Federal Domestic Volunteer Agency/Action (the "Volunteer Agency")[1] to dismiss the plaintiff's claims against them. For the reasons stated below, the motion is granted.

### I. BACKGROUND

On December 16, 1993, plaintiff James A. Murphy ("Murphy") filed this action in state court against Barbara Mayfield (a VISTA volunteer), VISTA, the Volunteer Agency, and the Dallas Housing Authority, asserting claims for libel and slander, negligence, and other wrongful conduct and seeking monetary relief against all defendants. *See* Plaintiff's Original Petition (the "petition") (attached as Exhibit B to Notice of Removal) ¶¶ II–VIIII[IX]. The federal defendants timely removed the action to this court on the ground that the district court has exclusive jurisdiction, under the Federal Tort Claims Act (the "FTCA"), over the claims asserted against the federal defendants. *See* Notice of Removal at 2–3; 28 U.S.C. §§ 1346(b) and 2679.

Prior to removal, the United States Attorney certified, on the basis of information then available, that with respect to the incidents alleged in the petition, Mayfield was acting within the scope of her employment and of her volunteer assignment with VISTA, within the meaning of 42 U.S.C. § 5055(f)(3), as an employee of the United States. Motion at 3; *id.*—Exhibit C (Certification by the United

---

1. For ease of reference, Barbara Mayfield, VISTA and the Volunteer Agency will be referred to collectively as the "federal defendants."

States Attorney of Defendant Barbara Mayfield Pursuant to 28 U.S.C. § 2679(d)(1)).[2] This certification was made according to law and the regulations of the Department of Justice. 28 U.S.C. § 2679 and 42 U.S.C. § 5055(f)(3) and 28 C.F.R. § 15.3(a). Motion at 3; *id.*—Exhibit C.

The federal defendants move to dismiss this action because (1) they have not received service of process in accordance with Rule 4(i), Fed.R.Civ.P.; (2) Mayfield is not a proper party to this action and the United States must be substituted as the proper defendant; (3) VISTA and the Volunteer Agency are not proper parties and this action must also be dismissed with respect to them; and (4) even if the United States is substituted as the proper defendant, dismissal is warranted because Murphy has failed to exhaust his administrative remedies under 28 U.S.C. § 2675(a). *See* Motion ¶¶ I–IV.

## II. *ANALYSIS*

### A. *Barbara Mayfield*

The crux of Murphy's petition is that Mayfield allegedly defamed him by "accusing [him] of stealing records from the commodity program and ... [making] a report to the police in an attempt to have [him] charged and arrested" and by waging a "continued ... campaign of libel and slander" against him. Petition ¶¶ II–IV, VI. The federal defendants urge the court to dismiss Mayfield, pursuant to the provisions of 28 U.S.C. § 2679, and to substitute the United States as the proper defendant. Motion ¶ II. This request must be granted. 28 U.S.C. § 2679(d)(1).[3]

Once this substitution is made, however, this court must dismiss Murphy's libel and slander claims, now asserted against the United States as the new defendant, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2679(d)(4).[4] To recover against the United States, Murphy must have a claim otherwise cognizable against the United States under the FTCA. *Mitchell v. Carlson*, 896 F.2d 128, 134–35 (5th Cir.1990). The FTCA, however, does not allow recovery for libel or slander. 28 U.S.C. § 2680(h). Because the government has not waived its sovereign immunity for such claims, this court lacks jurisdiction to consider them and they must accordingly be dismissed.[5]

### B. *VISTA and the Volunteer Agency*

Murphy alleges that VISTA "erred in their [sic] placement of stipended [sic] federally funded 'volunteers' who are allowed to exceed their authority and who are totally unprepared to function properly in low-income housing." Petition ¶ III. Murphy claims that VISTA "did with malicious intent totally disregard [his] complaint and requests for an investigation into and punishment for Mayfield's actions." *Id.* Murphy also claims that "proper intervention" by VISTA in Mayfield's alleged campaign of libel and slander

---

2. Murphy has not responded to the federal defendants' motion to dismiss. Consequently, the court accepts as true the allegations regarding certification contained in the motion.

3. Title 28, United States Code, Section 2679(d)(1) provides:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

4. Title 28, United States Code, Section 2679(d)(4) provides:

Upon certification, any action or proceeding subject to paragraph (1) ... shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.

5. To the extent that Murphy's petition asserts claims that are cognizable under the FTCA, they must also be dismissed for want of subject matter jurisdiction. The record contains no evidence that Murphy complied with 28 U.S.C. § 2675(a) before instituting this action. The only evidence is to the contrary. *See* Motion—Exhibit D. Murphy's failure to exhaust administrative remedies, as required by this statute, is a fatal defect which bars this court's jurisdiction. *See Molinar v. United States*, 515 F.2d 246, 248–49 (5th Cir. 1975); *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir.1980).

"could and would have not caused [him] the emotional pain and suffering of having had to endure unregulated harassment." *Id.* ¶ VI. Further, "[e]ach of such acts and omissions ... constitutes negligence, disregard and malicious intent that has caused the pain and emotional turmoil that [Murphy] has suffered." *Id.* ¶ VII.

With respect to the Volunteer Agency, Murphy alleges that it "erred by their [sic] refusal to properly investigate [his] complaints ..." and that "proper intervention by [the Volunteer Agency] would have not caused [Murphy] the emotional pain and suffering of having had to endure unregulated harassment." Petition ¶¶ V–VI. Murphy's assertion that "[e]ach of such acts and omissions ... constitutes negligence, disregard and malicious intent ..." also applies to the Volunteer Agency. *Id.* ¶ VI.

■ The court has difficulty discerning with specificity the claims Murphy asserts against VISTA and the Volunteer Agency. However, it need not do so to resolve the instant motion. The FTCA vests the district courts with "exclusive jurisdiction of civil actions on claims against the United States for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his ... employment." 28 U.S.C. § 1346(b). A suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies such as VISTA and the Volunteer Agency. 28 U.S.C. § 2679(a). Further, an agency cannot be sued *eo nomine* under the Federal Tort Claims Act. *Galvin v. Occupational Safety & Health Administration,* 860 F.2d 181, 183 (5th Cir.1988). Accordingly, Murphy's FTCA claims against these federal agencies,

as opposed to the United States, must be dismissed for want of jurisdiction. *Id.* (citations and footnote omitted).

Moreover, to the extent that the petition asserts a claim for libel or slander against VISTA or the Volunteer Agency, these claims are dismissed for lack of subject matter jurisdiction for the reasons previously stated in this memorandum order. *See* Section II(A), above.

### C. *The Dallas Housing Authority*

Murphy's claims [6] against the Dallas Housing Authority fall within this court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). The court, having dismissed Murphy's claims against the federal defendants for lack of subject matter jurisdiction, now declines to exercise supplemental jurisdiction over Murphy's claims against the Dallas Housing Authority. 28 U.S.C. § 1367(c). Accordingly, these claims are remanded to the 95th Judicial District Court of Dallas County, Texas. *See Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 622–23, 98 L.Ed.2d 720 (1988) (district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate).

### III. *CONCLUSION*

For the reasons stated, the federal defendants' motion to dismiss is granted, and Murphy's claims against Mayfield, VISTA, and the Volunteer Agency are dismissed for lack of subject matter jurisdiction.[7] The court also declines to exercise its supplemental jurisdiction over Murphy's state law claims against the Dallas Housing Authority, and these claims are **REMANDED** to the state

---

**6.** The petition, liberally construed, does not state a claim against the Dallas Housing Authority under federal law, nor does diversity of citizenship exist between Murphy and the Dallas Housing Authority. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (requiring that the allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers ..."); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity of citi-

zenship jurisdiction); Petition ¶ I. Thus, the court assumes, for purposes of this memorandum order, that Murphy is asserting claims against the Dallas Housing Authority which arise only under state law.

**7.** Having resolved the motion to dismiss on the above-stated grounds, the court declines to reach the merits of the federal defendants' arguments regarding service of process. *See* Motion ¶ I.

district court from which they were previously removed.

**SO ORDERED.**