Filed: August 10, 2000

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-2237
(CA-99-728-S)

Evelyn Mae Kokotis,

Plaintiff - Appellant,

versus

United States Postal Service,

Defendant - Appellee.

O R D E R

The court amends its opinion filed August 3, 2000, as follows:

On page 4, first paragraph, lines 2-3 -- the text is corrected as follows: "after such claim accrues ...."). Moreover, "the requirement ...."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EVELYN MAE KOKOTIS,
Plaintiff-Appellant,

v.                                                                 No. 99-2237

UNITED STATES POSTAL SERVICE,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-99-728-S)

Argued: May 4, 2000

Decided: August 3, 2000

Before WILKINSON, Chief Judge, and NIEMEYER
and MICHAEL, Circuit Judges.

_____

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Niemeyer and Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Marc Henry Nachman, HANDLER & NACHMAN,
Towson, Maryland, for Appellant. Andrea Margaretta Leahy-
Fucheck, Assistant United States Attorney, Baltimore, Maryland, for
Appellee. **ON BRIEF:** Robert B. Handler, HANDLER & NACH-
MAN, Towson, Maryland, for Appellant. Lynne A. Battaglia, United
States Attorney, Baltimore, Maryland, for Appellee.

_____

**OPINION**

WILKINSON, Chief Judge:

Evelyn Mae Kokotis alleges injury due to the negligence of a United States Postal Service employee. Kokotis filed an administrative claim with the Postal Service within months of the accident, but failed to demand a sum certain until four months after the two-year statute of limitations had expired. The district court granted the Postal Service's motion to dismiss, holding that Kokotis' failure to provide a timely demand for a sum certain deprived the court of jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. (1994). In so doing, the district court also found that Kokotis' demand for a sum certain after the limitations period had expired was not an amendment of a prior claim. Finding no error, we affirm.

I.

On October 29, 1995, Evelyn Kokotis was injured in an auto accident. The collision was allegedly due to the negligence of a Postal Service employee. Two days later, Kokotis was sent a Standard Form 95 (SF 95) to facilitate the filing of an administrative claim pursuant to the Federal Tort Claims Act (FTCA). A letter from the Postal Service accompanied the SF 95. The letter explained in multiple places, and in boldface and capitalized text, that Kokotis had two years to file a complete claim. The letter also stated, in boldface text, that for a claim to be considered complete an exact sum certain dollar amount must be included. Moreover, the SF 95 itself included numerous similar warnings. The form even indicated in italics above the entry for the total amount of the claim that "[f]ailure to specify may cause forfeiture of your rights." The box above the space for the claimant's signature on the SF 95 contained the following language in boldface capitals: "I certify that the amount of claim covers only damages and injuries caused by the accident above and agree to accept said amount in full satisfaction and final settlement of this claim."

In December 1995, approximately one month after the accident, Kokotis filed an SF 95 with the Postal Service without including a sum certain. Instead, the cover letter accompanying the form stated that Kokotis was still undergoing medical treatment and included an

2

itemization of Kokotis' medical bills to date. Kokotis submitted supplemental letters to the Postal Service on February 27, 1996, March 25, 1996, December 12, 1996, August 21, 1997, and January 22, 1998. As of the August 21, 1997 letter (the last letter sent before the statute of limitations expired), the total damages claimed were $4,546.79. Kokotis finished the medical treatment for her accident on September 25, 1997, approximately one month before the statute of limitations expired.

On March 3, 1998, four months after the statute of limitations had expired but prior to final agency action, Kokotis submitted a revised SF 95 requesting a sum certain in the amount of $19,000. The Postal Service denied Kokotis' claim. The Postal Service explained that since the claim was not completed within the FTCA's two-year limitations period, it could not be considered. Kokotis' request for reconsideration of this decision was denied.

Kokotis filed suit for damages against the Postal Service on March 12, 1999. The Postal Service moved to dismiss the complaint for lack of subject matter jurisdiction. The district court granted the motion, holding that Kokotis' failure to identify a sum certain within the two-year statute of limitations deprived it of jurisdiction over her suit. The district court also declined to toll the statute of limitations on the grounds that there was no misleading conduct by the United States. Kokotis now appeals.

II.

Kokotis seeks to recover against the government under the limited waiver of sovereign immunity embodied in the FTCA. Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979). Precisely because the FTCA constitutes a waiver of sovereign immunity, plaintiffs like Kokotis must file an FTCA action in careful compliance with its terms. See College v. United States, 411 F. Supp. 738 (D. Md. 1976), aff'd, 572 F.2d 453 (4th Cir. 1978). A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident. See 28 U.S.C. § 2401(b) (1994) (a tort claim "shall be

3

forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").  Moreover, "the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

An administrative claim must be properly presented. The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), and "a claim for money damages in a sum certain . . . ." 28 C.F.R. § 14.2(a) (1999) (emphasis added); see also 39 C.F.R. § 912.5(a) (1999). Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit. See Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994); Kokaras v. United States, 980 F.2d 20, 22 (1st Cir. 1992); Adkins v. United States, 896 F.2d 1324, 1326 (11th Cir. 1990).

The sum certain requirement is not a trap for the unwary. Rather, this requirement allows an agency to assess a claim's settlement value. See College, 411 F. Supp. at 741. Since the FTCA links both the authority to settle a claim and the source of settlement funds to the amount of the underlying claim, the Act's purpose is frustrated if the administrative claim does not indicate a specific amount of money. See Ahmed, 30 F.3d at 517. For example, claims of $2,500 or less can be settled on the authority of "[t]he head of each Federal agency or his designee" and are paid "out of appropriations available to that agency." 28 U.S.C. § 2672 (1994). Claims of between $2,500 and $25,000 can be settled on the same authority, but are paid out of a separate appropriation. See id. Finally, claims in excess of $25,000 can only be settled "with the prior written approval of the Attorney General or his designee." Id.

If FTCA plaintiffs were allowed to pursue Kokotis' preferred route of not submitting a sum certain, the government's ability to determine a claim's value would be impaired. This, in turn, might push the government toward several unsatisfactory options: (1) channel all decisions to the highest levels in order to assure the decision to settle was made by someone authorized to do so; or (2) resist or postpone settle-

4

ment so long as the amount of the claim could not be ascertained. Either way, the burden on the government would increase and the FTCA's goal of efficiently handling claims against the government would be undermined.

III.

A.

Notwithstanding the government's general interest in the sum certain requirement, Kokotis asserts that the requirement should not strictly be applied against her. She first contends she provided enough information to the Postal Service, in the form of periodic supplemental letters, for the agency to estimate the value of her claim. We disagree. Kokotis provides no explanation for how the Postal Service could have predicted a 418% increase in the size of her claim. Kokotis' last pre-statute of limitations supplemental letter of August 21, 1997 indicated total damages of $4,546.79; her post-statute of limitations request sought $19,000.* Moreover, even if Kokotis were correct that the Postal Service could somehow have estimated the value of her claim, she cannot escape the FTCA's unwavering requirement of submission of a sum certain within two years of the incident. See Ahmed, 30 F.3d at 517. No exception exists for cases where the agency might have been able to estimate the value of a claim, and courts cannot insert into the FTCA administrative process special provisions that the statute does not contain. See Kubrick, 444 U.S. at 117-18.

Kokotis next argues that she could not submit a sum certain before her treatment was complete and the extent of her injuries were known. While the record indicates that Kokotis' last medical treatment occurred one month before the filing period expired, that fact is beside the point. Every limitations period embodies the possibility that a complaint must be filed before the claimant's knowledge is complete. That possibility, however, affords no basis for disregarding the interest of finality embodied in a statute of limitations that a legis-

_____

* Kokotis does not claim that this letter was a submission of a sum certain. And the district court correctly noted that submitting information in "dribs and drabs" does not satisfy the sum certain requirement.

5

lative body has chosen to enact. See Holmberg v. Armbrecht, 327 U.S. 392, 395 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive.").

Kokotis advances one further argument for why she should be excused from the sum certain requirement. She claims that she did not estimate her damages for fear that a low figure would be settled quickly and that a high figure would discourage settlement altogether. Such strategic calculations on the part of a claimant cannot be allowed to set aside the conditions attached to a sovereign immunity waiver. See Munro v. United States, 303 U.S. 36, 41 (1938) ("Suits against the United States can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed.") (emphasis added). Standardized requirements promote the efficient resolution of large volumes of claims. The assessment of individual claimants of their own settlement prospects cannot be permitted to supersede the regulatory requirements to which all other claimants are expected to adhere.

B.

Kokotis next argues that because she presented a sum certain before final action on her claim, it is an amendment that relates back to her December 1995 filing. We disagree. An amendment of a claim can only occur if a complete claim, including a sum certain, is filed before the statute of limitations expires. See 39 C.F.R. §§ 912.3 & 912.5 (1999). The regulation states that "a claim shall be deemed to have been presented when the U.S. Postal Service receives . . . a claim for money damages in a sum certain . . . ." 39 C.F.R. § 912.5(a) (emphasis added). Since Kokotis' December 1995 filing did not include a sum certain, it was not "presented" within the meaning of § 912.5(a). The regulation further states that only a "claim presented in compliance with [§ 912.5(a)]" can be amended before final agency action. 39 C.F.R. § 912.5(b) (emphasis added). Since Kokotis' original filing did not include a sum certain, it was not presented in compliance with § 912.5(a) and therefore not subject to amendment under § 912.5(b).

Moreover, the fact that there had been no final agency action is irrelevant given the absence of a sum certain in Kokotis' initial filing.

6

The Postal Service took no action on Kokotis' claim before March 3, 1998 because effectively there was no claim filed. Only when Kokotis finally submitted a sum certain could the Postal Service take action, and by that time Kokotis' claim was untimely. A rule allowing amendments to incomplete claims after the statute of limitations had expired would undermine Congress' intent to have FTCA claims presented within two years of the relevant incident.

C.

Kokotis' final argument is that even if she failed to satisfy the sum certain requirement before the limitations period expired, the statute of limitations should be equitably tolled. Equitable tolling is not appropriate where, as was the case here, "the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). The SF 95 Kokotis signed contained several warnings on the consequences of failing to state a sum certain. The warnings appeared in multiple locations and in bold-face. The same warnings also appeared separately in the letter that accompanied the SF 95. Kokotis' failure to heed these clear and repetitive warnings makes equitable tolling inappropriate.

Moreover, because of the importance of respecting limitations periods, equitable tolling is appropriate only "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). See also Muth v. United States, 1 F.3d 246, 251 (4th Cir. 1993). Indeed, the doctrine of equitable tolling is based on the view that a defendant should not be encouraged to engage in "misconduct that prevents the plaintiff from filing his or her claim on time." English, 828 F.2d at 1049. In this case no evidence or allegation of misconduct by the Postal Service exists. The absence of a Postal Service objection to Kokotis' failure to submit a sum certain does not resemble the kind of misconduct required to equitably toll a limitations period.

7

IV.

For the foregoing reasons, the judgment of the district court is

<u>AFFIRMED</u>.

8