**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 23-1011**

─────────

ESTATE OF ELEUSIPA VAN EMBURGH, by and through its Administrator James Michael Van Emburgh; JAMES MICHAEL VAN EMBURGH, Individually; JAMES ALAN VAN EMBURGH, Individually; IMELDA CROVETTO, Individually; AMY RIVERA, Individually; ALEXIS NAVARRO, Individually; RAFAEL NAVARRO, Individually,

        Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:21−cv−00603−RAJ−LRL)

─────────

Argued:  December 7, 2023                    Decided:  March 12, 2024

─────────

Before GREGORY, WYNN, and RUSHING, Circuit Judges.

─────────

Affirmed in part, reversed in part, and remanded by published opinion.  Judge Wynn wrote the opinion, in which Judge Gregory joined. Judge Rushing wrote a dissenting opinion.

─────────

**ARGUED:**  Benjamin Aaron Beliles, BELILES & ASSOCIATES, PLLC, Richmond, Virginia, for Appellants.  Daniel Patrick Shean, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee. **ON BRIEF:**  Jessica D. Aber, United States Attorney, Richmond, Virginia, Anna M. McKenzie, Assistant United States

Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

WYNN, Circuit Judge:

Plaintiffs brought this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), asserting negligence, wrongful death, and survival claims arising from Eleusipa Van Emburgh's death after she was treated at a Navy medical center. The district court dismissed their claims for lack of subject matter jurisdiction, and this appeal followed. Because we hold that regulations enacted pursuant to 28 U.S.C. § 2672 do not impose distinct jurisdictional requirements in addition to those contained in 28 U.S.C § 2675, we reverse as to six of the plaintiffs and remand for further proceedings. But because one plaintiff, Imelda Crovetto, failed to satisfy one of the jurisdictional requirements listed in § 2675, we affirm as to her claims.

I.

A.

On October 2, 2019, Van Emburgh underwent an operation at a Navy medical center in Virginia. During the operation, she suffered a surgical perforation that Van Emburgh's estate ("the Estate"), her spouse, and her five children (collectively, "Plaintiffs") allege resulted from and was worsened by negligent care. Van Emburgh was eventually transferred to a hospital that was not affiliated with the Navy or Department of Defense. After several weeks at the second hospital, she was discharged to her home. On November 9, 2019, three days after returning home, she died from complications related to the surgical perforation.

3

B.

On April 27, 2020, each of the seven Plaintiffs submitted an administrative claim to the Navy for damages, alleging that Van Emburgh's medical complications and death were the result of substandard care she received at the Navy medical center. The claims each listed $25,000,000 in damages sought for wrongful death, except for the claim by Van Emburgh's daughter Imelda Crovetto in her individual capacity, which listed no damages. The claim submitted on behalf of the Estate was signed by Crovetto, whom Van Emburgh's will named as executor of the Estate.

After more than 10 months of investigation, on March 11, 2021, the Government denied all seven claims because it found that "the applicable standard of care was met by each of [Van Emburgh's] Navy health care providers" and therefore "[t]he damages [Plaintiffs] alleged did not result from any negligent act or omission on the part of an employee of the United States." J.A. 167.[1] The letter denying the claims also stated Plaintiffs should "be advised" that they "ha[d] six months from the date of mailing of th[e] letter to file suit in the appropriate Federal district court" if they wanted to pursue their claims. *Id.*

Less than four months later, Plaintiffs filed suit under the FTCA, asserting negligence, wrongful death, and survival claims. When the case was filed, the complaint identified the Estate as proceeding "by and through its executor Imelda Crovetto," whom the complaint alleged was the Estate's representative. J.A. 5.

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

The Government answered the complaint. And on October 1, 2021, it served discovery requests, including requests for information about "the specific steps Ms. Crovetto took to become properly qualified as the personal representative of Ms. Van Emburgh's estate, the court in which she was qualified as the personal representative, and the date(s) on which she was so qualified." J.A. 174.

Under Virginia law, a wrongful death action "shall be brought by and in the name of the personal representative of such deceased person." Va. Code § 8.01-50(C); *Johnston Mem. Hosp. v. Bazemore*, 672 S.E.2d 858, 860 (Va. 2009) (same); *see also* Va. Code § 64.2-511 ("A person named in a will as executor shall not exercise the powers of executor until he qualifies as such by taking an oath and giving bond in the court or before the clerk where the will or an authenticated copy thereof is admitted to record, except that he may provide for the burial of the testator, pay reasonable funeral expenses, and preserve the estate from waste."). Up to this point, however, Crovetto had not been formally qualified under Virginia law to serve as an executor because an employee at a local court had informed Plaintiffs they likely did not need to formally qualify since the Estate was small.

After receiving the Government's discovery requests, Plaintiffs attempted to qualify Crovetto as the Estate's executor. Administrative difficulties, caused in part by the COVID-19 pandemic, prevented Plaintiffs from properly qualifying Crovetto, who was living in Japan at the time and could not travel to complete the process. So, Plaintiffs ultimately qualified Van Emburgh's spouse, James Michael Van Emburgh ("James"), as administrator of the Estate for purposes of the lawsuit. During that process, Plaintiffs informed the Government's counsel they would withdraw their original lawsuit and refile

5

a substantively similar lawsuit to comply with what they understood as the requirements for litigating an FTCA claim "in Federal Court." J.A. 182.

Once James was formally qualified as the Estate's administrator, Plaintiffs filed the present lawsuit and stipulated to dismissal of the original lawsuit. The instant action contains the same factual allegations and asserts the same negligence, wrongful death, and survival claims as the original suit. The complaint in this case identified the Estate as proceeding "by and th[r]ough its Administrator James Michael Van Emburgh," J.A. 42, and alleged that James "is . . . the duly appointed Administrator of the Estate of Eleusipa Van Emburgh," J.A. 44 ¶ 8.

## C.

A month after the stipulated dismissal of the first case, the Government moved to dismiss the present case for lack of subject matter jurisdiction and moved in the alternative for summary judgment or dismissal pursuant to Rule 12(b)(6) for untimeliness. In its motion to dismiss for lack of subject matter jurisdiction, the Government argued that Plaintiffs failed to satisfy the FTCA's administrative exhaustion requirement because, at the time they submitted the administrative claims to the Government, neither Crovetto nor James had been properly qualified as administrator of the Estate.

After briefing, the district court dismissed the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Est. of Van Emburgh v. United States*, No. 2:21-CV-00603, 2022 WL 3581678, at *3–4 (E.D. Va. Aug. 18, 2022). The district court found that the Navy's FTCA regulations imposed administrative exhaustion requirements in addition to those found in the text of the FTCA, and that Plaintiffs failed to satisfy those additional

6

requirements because Crovetto was not formally qualified as the Estate's executor when she submitted the administrative claim on behalf of the Estate.

Plaintiffs filed a motion for reconsideration pursuant to Rule 59(e), arguing for the first time that the FTCA's administrative exhaustion requirements are not jurisdictional. The district court denied Plaintiffs' motion, and Plaintiffs timely appealed.

## II.

"Since the district court's dismissal of the complaint under [Rule] 12(b)(1) is a legal determination, we review its judgment de novo." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (emphasis omitted).

Plaintiffs contend that the district court erred in dismissing the case for lack of subject matter jurisdiction because, in their view, they satisfied the minimum jurisdictional requirements imposed by the FTCA. We largely agree because Congress has not authorized regulations that impose additional jurisdictional requirements beyond those the statute itself imposes; thus, the regulations on which the Government relies are nonjurisdictional. Accordingly, we look only to the requirements provided by the statute and hold that all but one Plaintiff satisfied the FTCA's jurisdictional requirements.

## A.

From the outset, we address the question of whether Plaintiffs' argument about the scope of the FTCA's jurisdictional requirements is properly before us. The Government argues that Plaintiffs failed to preserve this argument because they first raised it in their motion for reconsideration. We conclude that even if that is true, it is appropriate and desirable for us to consider the matter.

7

Because we must be sure of our power to review a case under Article III, a defendant's failure to raise our *lack* of jurisdiction is of no importance—we must consider the matter sua sponte. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). By contrast, a plaintiff may forfeit an argument *in favor of* subject matter jurisdiction. *E.g.*, *Mayor & City Council of Balt. V. BP P.L.C.*, 31 F.4th 178, 202 (4th Cir. 2022) (holding argument in support of removal jurisdiction was forfeited because it was not sufficiently developed in the notice of removal or before the district court), *cert. denied*, 143 S. Ct. 1795 (2023).

Even so, we retain broad discretion to excuse a party's failure to timely raise an argument. *Singleton v. Wulff*, 428 U.S. 106, 121 (1976); *accord Manning v. Caldwell*, 930 F.3d 264, 271 (4th Cir. 2019) (en banc) (collecting cases). "Indeed, we have recognized that when deemed necessary to reach the correct result on matters of public importance, we may sua sponte consider points not presented to the district court[.]" *Manning*, 930 F.3d at 271 (internal quotation marks and citations omitted).

In this case, the district court held that an FTCA regulation, 32 C.F.R. § 750.5(b), creates a jurisdictional administrative exhaustion requirement. *Est. of Van Emburgh*, 2022 WL 3581678, at *3. In doing so, it attempted to distinguish cases from other circuits holding that the related requirements in similar FTCA regulations are nonjurisdictional. *Id.* at *3 n.2 (citing *Zywicki v. United States*, No. CIV.A. 88-1501-T, 1991 WL 128588 (D. Kan. June 20, 1991) (collecting and analyzing cases from other circuits)). Since the scope of the FTCA's administrative exhaustion requirement was central to the district court's decision, and because the issue concerns our subject matter jurisdiction, we would exercise our discretion to address the issue even if we decided that Plaintiffs had failed to timely

8

raise it. Accordingly, we will proceed to evaluate whether the district court properly dismissed this case for lack of subject matter jurisdiction.

B.

We begin with the jurisdictional requirements imposed by the FTCA itself. We conclude that, except for Crovetto, Plaintiffs satisfy the statutory jurisdictional requirements.

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA provides a waiver of sovereign immunity for damages suits related to certain actions by federal employees that occur within the scope of their employment. *See* 28 U.S.C. §§ 1346(b)(1), 2674.

When filing suit under the FTCA, plaintiffs must satisfy certain jurisdictional prerequisites. *See Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). One such jurisdictional prerequisite is the administrative exhaustion requirement. 28 U.S.C. § 2675.[2]

This administrative exhaustion requirement contains three elements. First, a plaintiff must "present[ their] claim to the appropriate Federal agency[.]" *Id.* § 2675(a). Second, when a plaintiff presents their claim to the agency, the plaintiff must state the sum

---

[2] The requirement may be best described as a "presentment requirement," rather than an administrative exhaustion requirement, because plaintiffs must present their claims to the agency but do not always need to wait until the agency rules on their administrative claim before proceeding in federal court. *See* 28 U.S.C. § 2675. However, because our cases primarily use the term "exhaustion requirement" to describe § 2675, we employ that terminology as well.

9

they are seeking for their claim. *Id.* § 2675(b) ("A[n a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency[.]"). Third, the plaintiff must wait either for the claim to be "finally denied by the agency" or for the agency to fail "to make final disposition of [the] claim within six months after it is filed." *Id.* § 2675(a).

At oral argument, the Government argued that these three requirements are not the only exhaustion-related jurisdictional requirements imposed by the text of the FTCA. Specifically, the Government argued that because certain provisions of the FTCA reference the "law of the place" where the act or omissions giving rise to the claim occurred, the exhaustion requirement in § 2675 also incorporates state law. *See* Oral Arg. at 16:30–17:45, 19:00–21:20, 22:20–23:20 (citing 28 U.S.C. §§ 1346, 2672 & 2674), *available at* https://www.ca4.uscourts.gov/OAarchive/mp3/23-1011-20231207.mp3.

We disagree. The provisions that the Government references explicitly incorporate state law *for purposes of determining the scope of the government's liability*. Those statutes have nothing to do with the proper procedure for presentment of the claim to the federal agency, which is governed by § 2675. By contrast, references to the "law of the place" where the act or omission occurred are noticeably absent from § 2675. Thus, we conclude that the only statutory requirements for administrative exhaustion are the three contained in the plain text of § 2675.

Further, each of these three statutory requirements is jurisdictional.[3] *See McNeil v. United States*, 508 U.S. 106, 111–13 (1993); *Henderson*, 785 F.2d at 123; *Ahmed*, 30 F.3d at 517. Thus, the first question in evaluating whether subject matter jurisdiction exists is whether Plaintiffs satisfied these three requirements. We conclude that all but one of the Plaintiffs did.

Each of the seven Plaintiffs filed a claim with the Navy, seeking damages related to harms arising from Van Emburgh's death. Each of the claims stated a valuation of $25,000,000—save for the individual claim submitted by Crovetto, which did not include a valuation. And each of the Plaintiffs waited until after the Navy denied their claims before filing the original complaint. Therefore, each plaintiff—besides Crovetto—satisfied the three statutory elements of the administrative exhaustion requirement.

Since most Plaintiffs satisfied the basic administrative exhaustion requirements listed in the statute, the question becomes whether the FTCA's implementing regulations provide additional, more stringent requirements.

C.

The district court found that Navy regulations impose additional jurisdictional elements as part of the administrative exhaustion requirement. *Est. of Van Emburgh*, 2022 WL 3581678, at *3. That was error.

---

[3] Plaintiffs argue that the Supreme Court's decision in *United States v. Wong*, 575 U.S. 402 (2015), shows that the administrative exhaustion requirements in § 2675 are nonjurisdictional. But *Wong* addressed the statute of limitations applicable to the FTCA, 28 U.S.C. § 2401, not its administrative exhaustion requirements. *Id.* at 407–20. *Wong* provided no indication that the Supreme Court intended to overturn its decision in *McNeil*.

11

Because the claims in this case arose at a medical facility operated by the Navy, two sets of regulations are relevant to our discussion. First are the Attorney General's FTCA regulations. *See* 28 C.F.R. §§ 14.1–14.11. Those regulations provide in part that an FTCA "claim based on death may be presented by the executor or administrator of the decendent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law." 28 C.F.R. § 14.3(c).

Second are the Navy-specific regulations, which supplement the Attorney General's regulations. *See* 28 C.F.R. § 14.11 ("Each agency is authorized to issue regulations and establish procedures consistent with the regulations in this part."); 32 C.F.R. § 750.24 ("The Attorney General of the United States has issued regulations on administrative claims filed under the FTCA at 28 CFR part 14. If the provisions of this section and the Attorney General's regulations conflict, the Attorney General's regulations prevail."). The Navy's regulations provide that "[a] claim . . . shall be presented[,] . . . in the case of death, by the properly appointed legal representative of the deceased's estate or survivor where authorized by State law." 32 C.F.R. § 750.5(b); *see* 32 C.F.R. § 750.26(a) (incorporating this definition of "claim" into the Navy's FTCA regulations).

The Government argues that § 2675 incorporates these regulations and, therefore, that a claim is only properly "presented" for purposes of § 2675 if it complies with the requirements in the regulations. *See* 28 U.S.C. § 2675(a). And it argues that Plaintiffs did not comply with these additional requirements because Crovetto was not qualified under Virginia law as the representative of the Estate at the time Plaintiffs presented their claims

12

to the Navy. So, the Government would have us conclude that federal courts lack jurisdiction over this case.

We disagree. Section 2675 does not empower the Attorney General or the Navy to adopt jurisdiction-defining requirements via regulation. Rather, the regulations in question relate only to an agency's ability to settle claims once they have been presented in compliance with § 2675.

The relevant Attorney General regulation, "28 C.F.R. § 14.3[,] was promulgated pursuant to 28 U.S.C. § 2672, a statute which deals exclusively with the authority of federal agencies to settle claims; the regulation was not drafted as an interpretation of § 2675[], the jurisdictional section of the Tort Claims Act." *Graves v. U.S. Coast Guard*, 692 F.2d 71, 74 (9th Cir. 1982). Similarly, the Navy's implementing regulations were not enacted to interpret § 2675(a). *See* 32 C.F.R. §§ 750.5, 750.26 (enacted pursuant to 5 U.S.C. §§ 301, 552 and 10 U.S.C. §§ 5013, 5148, each of which lays out the Navy's rulemaking authority in general); 28 C.F.R. § 14.11 (permitting the Navy and other agencies to enact regulations that supplement those enacted by the Attorney General pursuant to 28 U.S.C. § 2672).

Section 2672 provides that

> [t]he head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred[.]

13

28 U.S.C. § 2672. That language does not implicate the jurisdictional requirements in § 2675. It instead "governs agency conduct, including administrative settlement and adjustment of properly presented claims, once notice has been given pursuant to section 2675." *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982) (citation omitted).

Accordingly, "[t]he requirements of section 2675 and of section 2672 are . . . independent. Presentation of a claim and its settlement are distinct processes[.]" *Adams v. United States*, 615 F.2d 284, 290 (5th Cir.), *decision clarified on denial of reh'g*, 622 F.2d 197 (5th Cir. 1980); *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 779 (9th Cir. 1984) (en banc) ("Congress intended the requirements of section 2675 to function independently of section 2672."). Since the two statutory provisions are completely independent, the grant of rulemaking authority in § 2672 for establishing settlement procedures does not authorize regulations that expand on the jurisdictional requirements in § 2675. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress.").

Nor does the text of § 2672 provide an independent basis for imposing jurisdictional requirements. While § 2675's statement that "[a]n action shall not be instituted" unless a plaintiff complies with its requirements is "unambiguous[ly]" jurisdictional, *McNeil*, 508 U.S. at 111, § 2672 includes no such command. Therefore, "[a] claimant's refusal to settle his or her claim will not deprive the federal court of jurisdiction, if the claimant has provided the statutorily required notice [described in § 2675]. Although many claimants will rationally elect to settle their claims, Congress clearly did not deem settlement

14

mandatory." *Adams*, 615 F.2d at 291 (footnote omitted). "To conflate the mandatory presentment requirement of Section 2675(a) with the settlement procedures of Section 2672, and require claimants to substantiate claims for settlement purposes as a prerequisite to filing suit, is to compel compliance with settlement procedures contrary to congressional intent." *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987).

Recognizing that § 2672 and § 2675 operate separately, nearly every circuit to have addressed this issue has recognized that the regulations enacted pursuant to § 2672 do not impose jurisdictional requirements. *See GAF Corp.*, 818 F.2d at 905, 919–20 (D.C. Cir.); *Collins v. United States*, 996 F.3d 102, 115 (2d Cir. 2021); *Tucker*, 676 F.2d at 957 (3d Cir.); *Adams*, 615 F.2d at 290 (5th Cir.); *Knapp v. United States*, 844 F.2d 376, 377–80 (6th Cir. 1988); *Charlton v. United States*, 743 F.2d 557, 559–62 (7th Cir. 1984); *Warren*, 724 F.2d at 777–80 (9th Cir.); *Free v. United States*, 885 F.2d 840, 843 (11th Cir. 1989). *But see Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) (en banc) (holding that regulations enacted pursuant to § 2672 are jurisdictional); *id.* at 809 (Bye, J., dissenting) ("My colleagues in the majority started off on the wrong foot by concluding the burden of furnishing evidence of one's representative authority comes directly from the FTCA.").

We agree with the analysis adopted by the majority of circuits, and therefore hold that § 2675 is the sole source of jurisdictional requirements for the FTCA's administrative exhaustion requirement. To decide otherwise would permit agencies to impose jurisdictional requirements without congressional authorization, in contravention of Supreme Court precedent. *See Bowen*, 488 U.S. at 208.

15

In so concluding, we take care to distinguish two of our prior decisions, *Ahmed v. United States* and *Kokotis v. United States Postal Service*, in which we addressed the jurisdictional requirement that plaintiffs provide a valuation of their claim when they submit the claim to an agency. *See Ahmed*, 30 F.3d at 514; *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275 (4th Cir. 2000). In both of those cases, our discussion of the jurisdictional requirement cited *both* the statutory basis for the administrative exhaustion requirement and the expression of the "sum certain" requirement in 28 C.F.R. § 14.2(a), an Attorney General regulation enacted pursuant to § 2672. *See Ahmed*, 30 F.3d at 516–17 (citing 28 U.S.C. §§ 2401, 2675; 28 C.F.R. § 14.2); *Kokotis*, 223 F.3d at 278 (citing 28 U.S.C. § 2401; 28 C.F.R. § 14.2).[4] In other words, a reader could mistakenly assume that our reference in those cases to the statute and the regulation meant that both independently impose jurisdictional requirements.

But the citation in *Ahmed* and *Kokotis* to both the statute and regulation only goes to show that the regulatory sum certain requirement reiterates the statutory requirement

---

[4] When *Kokotis* and *Ahmed* were decided, we interchangeably cited 28 U.S.C. § 2675 and 28 U.S.C. § 2401 as the statutory basis of the administrative exhaustion requirement. *See Ahmed*, 30 F.3d at 516 (stating the administrative exhaustion requirement is based on both § 2675 and § 2401); *Kokotis*, 223 F.3d at 278 (stating that the jurisdictional requirement is based on § 2401). Section 2401 provides in relevant part that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless [the] action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Because the Supreme Court has since held that the statute of limitations in § 2401 is nonjurisdictional, *see Wong*, 575 U.S. at 407, we now recognize that the statutory basis for the administrative exhaustion requirement rests solely in § 2675 and that our prior holdings are abrogated to the extent they held § 2401 was jurisdictional.

16

from § 2675(b) that a plaintiff provide an exact valuation of their claim. *See Adams*, 615 F.2d at 292 n.17 ("Section 2675(b) anticipates that the claim will be for a definite amount."). This understanding is confirmed by the fact that, in both cases, our discussion of the jurisdictional requirement cited to cases from other circuits that held § 2675, not regulations enacted pursuant to § 2672, established the jurisdictional administrative exhaustion requirement. *See Ahmed*, 30 F.3d at 517 (relying heavily on the discussion of jurisdictional requirements in *GAF Corp.*, 818 F.2d at 919); *Kokotis*, 223 F.3d at 278–79 (citing *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)). Since the sum certain requirement in the regulations is duplicative of the statutory requirement spelled out in § 2675(b), neither *Ahmed* nor *Kokotis* required us to decide whether a requirement found *only* in a regulation enacted pursuant to § 2672 is jurisdictional.

In *Ahmed*, we also briefly mentioned one requirement that derives solely from the regulations. But we understand our reference to that second requirement as dictum. We may, of course, sometimes issue alternative holdings that have precedential effect. *Gestamp S.C., LLC v. NLRB*, 769 F.3d 254, 262 n.4 (4th Cir. 2014). However, our brief reference in *Ahmed* to an additional argument did not come close to establishing an alternative holding.

The reference came as a brief point in our more thorough discussion of the sum certain requirement, and the additional requirement had no impact on our conclusion. Specifically, we mentioned a requirement from 28 C.F.R. § 14.2 that an individual submitting an administrative claim under the FTCA must include documentation that they are the legal representative of the claimant. However, we did not focus our analysis on that

17

issue and instead focused on the sum certain requirement, stating that "[s]ection 2675(a) of Title 28 and 28 C.F.R. § 14.2(a) require two elements for sufficient presentment of a claim to an agency: 1) written notice sufficient to cause the agency to investigate, and 2) a sum-certain value on the claim." *Ahmed*, 30 F.3d at 517. We never stated that the documentation requirement provided an alternative basis for our holding, nor that our decision would have remained the same had it rested solely on that portion of the regulation. Indeed, it is telling that while the district court in *Ahmed* found the documentation issue dispositive on its own, *Ahmed v. United States*, No. CIV. JFM-92-3258, 1993 WL 726255, at *3 (D. Md. July 28, 1993), we thought it necessary to focus on the sum certain requirement.

Because the *Ahmed* plaintiffs' failure to include a sum certain with their claim resolved the case, our brief discussion of the documentation requirement could have been deleted without any impact on the analytical foundations of the decision. With neither context nor an express statement supporting a conclusion that we issued an alternative holding based on the documentation requirement, we conclude that brief portion of the opinion is dictum and therefore does not control our analysis. *See Payne v. Taslimi*, 998 F.3d 648, 654–55 (4th Cir. 2021) (quoting *Pittston Co. v. United States*, 199 F.3d 694, 703 (4th Cir. 1999)); *id.* at 655 ("If necessary to the outcome, a precedent's reasoning must be followed; otherwise, we are not so bound."). We therefore read *Ahmed* for no more than what it is: a decision stating that a plaintiff failed to comply with a host of statutory and regulatory requirements, at least some of which were jurisdictional.

This case, unlike *Ahmed* and *Kokotis*, squarely presents the question of whether requirements found only in regulations enacted pursuant to § 2672 are jurisdictional. We

accordingly grant the issue the more exacting review that was unnecessary in those prior cases and conclude the regulations are not jurisdictional.

In sum, we agree with the substantial majority of other circuits that the FTCA's implementing regulations do not impose jurisdictional requirements related to administrative exhaustion beyond those specified in 28 U.S.C. § 2675. Since 28 C.F.R. § 14.3 and 32 C.F.R. § 750.5 are nonjurisdictional, the Plaintiffs did not need to satisfy the requirements set forth therein before filing suit in order for federal courts to have jurisdiction to review their claims.[5]

## D.

The Government suggests that we should alternatively affirm on the ground that Plaintiffs' second lawsuit was filed more than six months after the Navy denied their claims. *See* 28 U.S.C. § 2401(b). In response, Plaintiffs ask us to hold that the limitations period—which is nonjurisdictional, *United States v. Wong*, 575 U.S. 402, 407 (2015)— was equitably tolled.

The district court dismissed Plaintiffs' claims for lack of subject matter jurisdiction, and therefore did not address whether the claims would otherwise have been timely. *See Est. of Van Emburgh*, 2022 WL 3581678, at *3–4. "[W]e are a court of review, not first view[.]" *United States v. Frank*, 8 F.4th 320, 333 (4th Cir. 2021) (internal quotation marks

---

[5] Because we decide the relevant regulations do not impose jurisdictional requirements, we do not address whether Plaintiffs complied with the requirements that the regulations incorporate from Virginia law.

19

and citations omitted). We therefore remand the case to permit the district court to consider in the first instance the timeliness of Plaintiffs' claims or other matters as it sees fit.

### III.

The Estate and five of the six individual Plaintiffs satisfied the jurisdictional administrative exhaustion requirements laid out in 28 U.S.C. § 2675. Since § 2675 is the only source of the jurisdictional administrative exhaustion requirements, those Plaintiffs satisfied the bare minimum jurisdictional requirements when they submitted their claims to the agency, included a specific valuation of their claims, and waited until after their claims were denied before filing suit. We therefore reverse the dismissal for lack of subject matter jurisdiction of the claims brought by the Estate, James Michael Van Emburgh, James Alan Van Emburgh, Amy Rivera, Alexis Navarro, and Rafael Navarro, and remand for further proceedings consistent with this opinion.

Because Imelda Crovetto filed her individual administrative claim without providing a valuation of the claim, however, we affirm the district court's dismissal of her claim for lack of subject matter jurisdiction.

*AFFIRMED IN PART, REVERSED IN PART,*
*AND REMANDED*

20

RUSHING, Circuit Judge, dissenting:

The majority concludes that the regulatory standards for presenting a claim against the United States do not inform our reading of the Federal Tort Claims Act's jurisdictional presentment requirement. If we were writing on a clean slate, that might be a fine conclusion. But our Court has long applied the FTCA implementing regulations when enforcing the statute's jurisdictional presentment requirement. Because the majority opinion contradicts our Circuit's precedent, I must respectfully dissent.

I.

The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see* 28 U.S.C. § 1346(b). Before suing under the FTCA, a "claimant [must] have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). This requirement is jurisdictional. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

In *Ahmed v. United States*, 30 F.3d 514 (4th Cir. 1994), this Court addressed what it means for a claimant to have "properly presented" a claim to a federal agency "to satisfy" Section 2675(a). *Id.* at 516. We answered that question by consulting "[r]egulations promulgated pursuant to the FTCA[, which] provide that a claim is *presented*" when certain regulatory requirements are met. *Id.* Specifically, we defined "presented" in Section 2675(a) by reference to 28 C.F.R. § 14.2(a). *Id.* That regulation states that, "[f]or purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed

21

Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant." 28 C.F.R. § 14.2(a). After reviewing the regulation, we concluded: "In summary, in order to *present* a personal injury claim to the appropriate administrative agency, the claimant must present it to the agency in writing by means of an SF 95 or an equivalent; the writing must include a claim for money damages in a sum certain; [and] if the claimant is represented, the representative's authorization must be demonstrated." *Ahmed*, 30 F.3d at 517.

After articulating this standard, the *Ahmed* Court then "turn[ed] to the facts of this case to determine if these requirements were met." *Id.* The Court found the plaintiffs had failed two of these requirements: first, their attorney did not "submit any evidence, along with the SF 95, indicating that he was a duly authorized representative to file [a personal injury] claim" on their behalf, and second, "no sum certain was ever demanded." *Id.* Because the plaintiffs "failed to present their personal injury claim" to the agency as required by Section 2675(a), the Court affirmed dismissal of the case for lack of jurisdiction. *Id.* at 518.

Six years later, we confirmed that "[a]n administrative claim must be properly presented" to a federal agency to satisfy the statutory jurisdictional prerequisite, and the "FTCA's implementing regulations" define proper presentment. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). Citing *Ahmed*, the Court acknowledged that

22

failure to fulfill the regulatory requirements "deprives a district court of jurisdiction over any subsequently filed FTCA suit." *Id.*

The majority's analysis cannot be reconciled with the reasoning of *Ahmed* or *Kokotis*. Both of those decisions hinge on the principle that the FTCA's implementing regulations inform the meaning of the statute's presentment requirement, which is jurisdictional. Both decisions reason, in no uncertain terms, that the FTCA's presentment requirement demands a claimant to have properly presented his claim to the agency in accordance with applicable regulations before a federal court may consider it.

The explanations the majority offers for not following this Court's precedent do not withstand scrutiny.

First, the majority mischaracterizes *Ahmed* and *Kokotis* as relying on both Section 2675(b) and 28 C.F.R. § 14.2(a) for the "sum certain" requirement, implying that the Court did not consider the regulation by itself sufficient to impose a jurisdictional hurdle. *See supra*, at 16–17. Quite to the contrary, Section 2675 does not appear anywhere in the *Kokotis* decision. The Court did not cite that statute a single time. Instead, the Court relied exclusively on the regulation for the sum certain requirement, and it gave that requirement jurisdictional significance. *See Kokotis*, 223 F.3d at 278–279. The majority is "mistaken[]" to "assume" that our holding in *Kokotis* rested on a statute the opinion never mentioned. *Supra*, at 16–17.

Similarly, at no point did the Court in *Ahmed* cite Section 2675(b)—the sum certain provision of the statute—for its jurisdictional holding. Rather, the Court cited Section 2675(a)—the presentment requirement—and then consulted 28 C.F.R. § 14.2(a) to give

23

content to that requirement. *See Ahmed*, 30 F.3d at 516–517. It was there, in the regulation, that the Court found a sum certain requirement, which it enforced as a component of Section 2675(a)'s jurisdictional presentment prerequisite. *See id.*

Second, the majority incorrectly dismisses *Ahmed*'s other ground of decision as "dictum." *Supra*, at 17. Recall that the Court in *Ahmed* found that two "requirements" for presenting a personal injury claim to the administrative agency "were [not] met" by the plaintiffs there. *Ahmed*, 30 F.3d at 517. "In addition" to not satisfying the requirement to demand a sum certain from the agency, the Court also found that the plaintiffs did not "submit any evidence, along with the SF 95, indicating that [the attorney who filed the form] was a duly authorized representative to file [a personal injury] claim" on their behalf. *Id.* The requirement that a claimant's representative submit evidence of his authority to present the claim on the claimant's behalf is found only in the regulation—specifically, 28 C.F.R. § 14.2(a). It is not mentioned anywhere in Section 2675. Yet the *Ahmed* Court, in three paragraphs of discussion about the topic, also enforced this regulatory requirement as jurisdictional.

The majority wishes this holding away as "brief" "dictum." *Supra*, at 18. But "alternative holdings are not dicta." *Gestamp S.C., LLC v. NLRB*, 769 F.3d 254, 262 n.4 (4th Cir. 2014); *see also MacDonald, Sommer & Frates v. Yolo Cnty.*, 477 U.S. 340, 346 n.4 (1986); *United States v. Fulks*, 454 F.3d 410, 434–435 (4th Cir. 2006). The Court in *Ahmed* gave two reasons for its holding. As a later panel of this Circuit, we are not entitled to overrule either one. *See McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc) ("[O]ne panel cannot overrule a decision issued by another panel.").

24

Third, the majority notes that neither *Ahmed* nor *Kokotis* directly addressed the argument that Congress did not empower executive agencies to promulgate regulations affecting the jurisdiction of federal courts under Section 2675. That is true. And assumptions in prior decisions do not bind us. *See Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021). But reasoning necessary to a precedent's outcome does bind us, even if we consider it faulty in view of counterarguments that were left unaddressed. *See id.* at 654 n.2. *Ahmed* and *Kokotis* unquestionably reasoned that the FTCA's implementing regulations inform what it means to have "presented [a] claim to the appropriate Federal agency" for purposes of Section 2675's jurisdictional requirement. 28 U.S.C. § 2675(a). That reasoning was necessary to the outcome in each case by its own terms and so binds us here.

The majority's conclusion that the FTCA's implementing regulations do not bear on whether a claimant has properly "presented the claim" to the appropriate agency cannot be squared with the reasoning of *Ahmed* or *Kokotis*. 28 U.S.C. § 2675(a). Those decisions remain good law in this Circuit and cannot be distinguished away. Therefore, I must respectfully dissent.

## II.

Bound by this Court's precedent, the district court correctly dismissed the complaint for lack of jurisdiction.

As previously mentioned, 28 C.F.R. § 14.2(a) provides that "a claim shall be deemed to have been presented" for purposes of Section 2675 when a federal agency receives written notification of an incident from a claimant, stating a claim for money

25

damages in a sum certain, along with "the title or legal capacity of the person signing," accompanied by "evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, . . . or other representative." 28 C.F.R. § 14.2(a); *see also* 32 C.F.R. § 750.26. Relevant regulations identify the proper claimant "in the case of death" as "the properly appointed legal representative of the deceased's estate or survivor where authorized by State law." 32 C.F.R. § 750.5(b); *id.* § 750.26(a); *see also* 28 C.F.R. § 14.3(c) ("A claim based on death may be presented by the executor or administrator of the decendent's [*sic*] estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.").

In Virginia (the relevant State here), a wrongful death or survival claim "may only 'be brought by and in the name of the personal representative'" of the deceased. *Johnston Mem'l Hosp. v. Bazemore*, 672 S.E.2d 858, 860 (Va. 2009) (quoting Va. Code Ann. § 8.01-50) (wrongful death); *Kittrell v. Fowler*, 870 S.E.2d 210, 213–214 (Va. 2022) (citing Va. Code Ann. § 8.01-25) (survival). The "personal representative" "includes the executor or administrator of a decedent's estate who has been qualified by a court to hold the position." *In re Woodley*, 777 S.E.2d 560, 563 (Va. 2015) (citing Va. Code Ann. § 1-234). A person named in a will as executor cannot "exercise the powers of executor until he qualifies as such" in court. Va. Code Ann. § 64.2-511; *cf. Douglas v. Chesterfield Cnty. Police Dep't*, 467 S.E.2d 474, 477 (Va. 1996) (holding that decedent's wife, who was named executor in his will, was "not a proper party to file" a tort action on behalf of his estate until she qualified as personal representative).

26

When Imelda Crovetto submitted a wrongful death claim to the Navy on behalf of the estate of Eleusipa Van Emburgh in April 2020, she had not been qualified by a court as the estate's personal representative. Indeed, in October 2021, she waived her "right to qualify as the executor" of Van Emburgh's estate. J.A. 232. And in November 2021, the Circuit Court of Newport News recognized that "no executor or administrator ha[d] been appointed" to handle Van Emburgh's estate. J.A. 186. Crovetto therefore was not a "properly appointed legal representative" of the estate, 32 C.F.R. § 750.5(b), or "entitled to assert such a claim in accordance with applicable State law," 28 C.F.R. § 14.3(c).

Other members of Van Emburgh's family submitted wrongful death claims to the Navy in their individual capacities—not on behalf of the estate—and, in any event, none of them were personal representatives of the estate either. And Virginia law does not authorize surviving family members to represent the estate without being qualified as a personal representative. *See Bolling v. D'Amato*, 526 S.E.2d 257, 259 (Va. 2000) (holding that decedent's son "lacked standing to bring [a] wrongful death action" because he had not been properly appointed as personal representative of the estate); *Platt v. Griffith*, 858 S.E.2d 413, 415 (Va. 2021) ("[T]he personal representative, not a beneficiary of the estate, is the proper party to litigate on behalf of the estate." (internal quotation marks omitted)). Although the Circuit Court qualified James Van Emburgh as the estate's administrator in November 2021, he did not then return to the Navy to properly present a claim for wrongful death on the estate's behalf as its personal representative.

Consequently, the estate's wrongful death claim was not "properly presented" to the Navy before the plaintiffs filed suit in federal court. *Kokotis*, 223 F.3d at 278; *Ahmed*, 30

27

F.3d at 516; *see* 28 U.S.C. § 2675(a).  No "properly appointed legal representative" of the estate had submitted a wrongful death claim on its behalf, 32 C.F.R. § 750.5(b), nor did any claim submitted include "evidence of . . . authority to present a claim on behalf of" the estate as "executor [or] administrator," 28 C.F.R. § 14.2(a).

According to our precedent, the plaintiffs' failure to properly present the estate's wrongful death claim to the Navy deprived the district court of jurisdiction over the subsequently filed FTCA suit.  *Kokotis*, 223 F.3d at 278; *Ahmed*, 30 F.3d at 516–517; *cf. Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, 971 F.3d 768, 771 (8th Cir. 2020) (affirming dismissal for lack of jurisdiction because plaintiff was not properly appointed as the estate's representative under state law when she filed wrongful death claim with the agency).  The district court therefore properly dismissed the complaint, and I would affirm.

28