**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-2250
_____

FERMAIN ALDABE,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; JONATHAN COHEN; CREIGHTON MAGID; THE GOVERMENT OF BELIZE; THE CENTRAL BANK OF BELIZE; JOY GRANT; ATLANTIC INTERNATIONAL BANK, LTD; JULIAN MURILLO; AMANDA KOSTNER; JOSEPH J. SIMONS; KHOURYANNA DIPRIMA; REBECCA KELLY SLAUGHTER; NOAH JOSHUA PHILLIPS; ROHIT CHOPRA; CHRISTINE S. WILSON; BENJAMIN THEISMAN,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Peter J. Messitte, Senior District Judge.  (1:21-cv-00803-PJM)

_____

Submitted:  April 19, 2024                    Decided:  May 2, 2024

_____

Before WILKINSON, Circuit Judge, and MOTZ and KEENAN, Senior Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Fermin Aldabe, Appellant Pro Se.  Kimberly Shannon Phillips, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland; Creighton Magid, DORSEY & WHITNEY, LLP, Washington, D.C.; John Augustine Bourgeois, Andrew Jay Graham, KRAMON & GRAHAM, PA, Baltimore, Maryland, for

Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fermin Aldabe brought this civil action alleging that a settlement between the Federal Trade Commission (FTC) and a Belizean bank called Atlantic International Bank, Ltd. (AIBL), caused him to lose a substantial portion of his assets. Aldabe sued three groups of defendants: (1) nine employees of the FTC (collectively, the "FTC defendants"); (2) the Government of Belize; the Central Bank of Belize; A. Joy Grant, the former Governor of the Central Bank of Belize; Julian Murillo, whom the Belizean government appointed to liquidate AIBL's assets; and AIBL (collectively, the "Belizean defendants"); and (3) Creighton Magid, an American attorney who represented AIBL. The district court dismissed all claims, and Aldabe timely appealed. For the reasons that follow, we affirm in part, vacate in part, and remand.

Turning first to the FTC defendants, the district court granted the United States' motion to substitute itself as the party defendant, then dismissed the claims against the United States based on sovereign immunity. We discern no error in the decision to grant the motion to substitute. Regarding the dismissal, we conclude that the district court lacked jurisdiction because Aldabe had not presented his claims to the appropriate federal agency. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Est. of Van Emburgh v. United States*, 95 F.4th 795, 800-01 (4th Cir. 2024). Accordingly, we affirm the dismissal of the claims against the United States based on Aldabe's failure to exhaust administrative remedies.[1]

---

[1] For this reason, we need not decide whether each of Aldabe's claims against the United States was barred by sovereign immunity.

3

Next, in dismissing the claims against the Belizean defendants, the district court declined to consider their arguments invoking sovereign immunity and challenging personal jurisdiction, instead resolving these claims under Fed. R. Civ. P. 12(b)(6). Similarly, though Magid questioned whether Aldabe lacked standing, the court resolved the claims against Magid on the merits. But "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). We therefore vacate the district court's judgment as to Magid and the Belizean defendants and remand to the district court for further proceedings.[2]

We deny Aldabe's motion to supplement the record, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[2] By this disposition, we express no opinion on these jurisdictional issues.