**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6917

UMAR ADEYOLA,

Plaintiff - Appellant,

v.

MOHAMED MOUBAREK; TOM GERA; UNITED STATES OF AMERICA; SHITIZ SRIWASTAVA, M.D.; WEST VIRGINIA UNIVERSITY,

Defendants - Appellees,

Appeal from the United States District Court for the District of Maryland, at Baltimore. Theodore D. Chuang, District Judge.  (1:22-cv-00781-TDC)

Submitted:  January 3, 2025                          Decided:  January 13, 2025

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Umar Adeyola, Appellant Pro Se.  Vickie Elaine LeDuc, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Umar Adeyola appeals the district court's orders granting West Virginia University's (WVU) and Shitiz Sriwastava's motions to dismiss and granting Mohamed Moubarek, Tom Gera, and the United States' motion to dismiss or, in the alternative, for summary judgment on Adeyola's complaint filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Limiting our review of the record to the issues raised in Adeyola's informal brief, we have reviewed the record and find no reversible error. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").[*]

We review de novo a dismissal for lack of subject matter or personal jurisdiction, a dismissal for failure to state a claim, or a grant of summary judgment. *Bulger v. Hurwitz*, 62 F.4th 127, 135 (4th Cir. 2023) (subject matter jurisdiction); *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (personal jurisdiction); *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018) (failure to state a claim); *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021) (summary judgment).

We discern no error in the district court's conclusion that WVU is an arm of the State of West Virginia and thus was immune from suit. *See, e.g., W. Va. Univ. Bd. of*

---

[*] Because Adeyola does not challenge the district court's rejection of his claim against Moubarek in his informal brief, we decline to review that claim.

*Governors ex rel. W. Va. Univ. v. Rodriguez*, 543 F. Supp. 2d 526, 529-35 (N.D. W. Va. 2008). Nor did the district court err in finding that Adeyola did not adequately show the court in Maryland had personal jurisdiction over Sriwastava, a WVU doctor. Sriwastava is a citizen of West Virginia, is not licensed to practice medicine in Maryland, and did not treat Adeyola in Maryland. There is no evidence that his treatment of Adeyola arose out of Sriwastava's purposeful activities directed at potential patients residing in Maryland. And Sriwastava's limited communications with Adeyola's medical providers in Maryland do not render it "constitutionally reasonable" to hale him into court in Maryland. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (internal quotation marks omitted).

As for Adeyola's FTCA claim against the United States, our review of the record reveals no error in the district court's conclusion that Adeyola failed to show that he properly exhausted that claim. *See Est. of Van Emburgh ex rel. Van Emburgh v. United States*, 95 F.4th 795, 800-01 (4th Cir. 2024) (discussing FTCA's exhaustion requirement). Finally, we discern no error in the district court's finding that Gera was immune from Adeyola's *Bivens* claim under 42 U.S.C. § 233(a), as Gera was a member of the United States Public Health Service and was acting within the scope his employment when he treated Adeyola.

We observe, however, that the district court should have dismissed Adeyola's claims against Gera and the United States without prejudice for lack of subject matter jurisdiction. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (explaining that when a court finds a jurisdictional bar to an FTCA claim, "rather than granting

3

summary judgment pursuant to [Fed. R. Civ. P.] 56(c), the district court should . . . dismiss[] the [claim] for want of jurisdiction under [Fed. R. Civ. P.] 12(b)(1)"); *see also Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) (noting a dismissal based on a "defect in subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits" (internal quotation marks omitted)).

Accordingly, we affirm the district court's orders, as modified to reflect the dismissal without prejudice of Adeyola's claims against Gera and the United States. *See Abbott v. Pastides*, 900 F.3d 160, 175 n.8 (4th Cir. 2018) (noting that we may "treat the district court's entry of summary judgment . . . as a dismissal under Rule 12(b)(1) for want of jurisdiction, and affirm on that basis"). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*